NATHANIEL N. JONES *vs.* ATCHISON, TOPEKA, AND SANTA
FÉ RAILROAD COMPANY.

Essex.    June 20, 1889. — December 6, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Will — Executor as Trustee — Power to sell Personal Property — Change
of Investment.*

A testator, by a will admitted to probate in 1882, which contained no specific be-
quests, provided that his wife should be supported during her life out of his
estate, and that the residue, after necessary payments including various pecu-
niary legacies had been made, should accumulate, and at her death be given to
his daughters. No trustee was ever appointed under the will, and the executor,
who had invested a portion of the assets of the estate in a share of stock, under-
took in 1887, for the purpose of making a change of investment for the benefit
of the trust, to sell and transfer such share, with the knowledge of the corpora-
tion. *Held,* that the executor acting as trustee under the will had the power to
make the sale, and to execute a valid transfer of such share.

TORT for the conversion of one share of stock of the defend-
ant, a Kansas corporation. The case was submitted to the Su-
perior Court, and, after judgment for the plaintiff, to this court,
on appeal, on agreed facts, in substance as follows.

The plaintiff purchased the share in question of Jeremiah P.
Jones, the executor of the will of Allen H. Goss. The will,
which was duly admitted to probate on September 18, 1882,
after a provision for the payment of debts and for the support
of the testator's wife during her life out of the estate, and va-
rious pecuniary legacies to each of his daughters and grand-
children, contained the following provisions:

" Fifth. The residue of my estate, after the payment of the
debts, legacies, and expenditures before stated, I devise to re-
main and accumulate until the decease of my said wife, and
upon her decease it is my will that whatever estate shall then
remain, whether of the original amount or of its accumulations,
if any, shall be equally divided between my two daughters afore-
said, to hold to them and their heirs forever.

" Sixth. I appoint Jeremiah P. Jones, of Georgetown, exec-
utor of this my last will and testament."

The widow of the testator is living. The share in question was purchased by the executor with the funds of the estate, and was held by him under the provisions of the will. The executor executed and delivered to the plaintiff a formal assignment of such share upon the back of the certificate, in accordance with the defendant's by-laws, which provide that the shares of its capital stock shall be transferable only on the books of the company in person, or by attorney duly authorized, at their office in the city of Boston, on surrender of the stock certificate. The share in question was sold by the executor to the plaintiff for the purpose of making a change of investments for the benefit of the trust described in the will; and the defendant had notice of this purpose at the time the plaintiff demanded the transfer to be made to him.

The plaintiff, having the certificate and assignment with him, on July 9, 1887, tendered the same to the defendant at its office in Boston, and demanded a transfer of the share to him, and a certificate to be made to him, and at the same time delivered to the defendant a copy of the will. The defendant declined to accept the surrender of the certificate and assignment, and declined to transfer the stock to the plaintiff, or to make a certificate to him, solely on the ground that the executor was not authorized to make such sale for the purpose of making a change of investment. The plaintiff waives all claim or right to the share in question, and offers to transfer the same to the defendant.

If on the foregoing facts the plaintiff was entitled to recover, judgment was to be entered in his favor for the sum of one hundred and fifteen $\frac{50}{100}$ dollars, and interest from the ninth day of July, 1887; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs to all the judges.

*J. P. Jones & B. B. Jones*, for the plaintiff.

*H. W. Swift*, for the defendant.

FIELD, J. The will of Allen H. Goss was proved on September 18, 1882, and Jeremiah P. Jones was appointed executor. He, as executor, purchased with the assets of the estate a share of the capital stock of the defendant corporation, and it was transferred to him as executor, and he held it as such under the

provisions of the will. For the purpose of making a change in investments, and for the benefit of the trust described in the will, he sold the share to the plaintiff, and executed an assignment of it to the plaintiff upon the back of the certificate, in accordance with the by-laws of the corporation, and delivered to the plaintiff the certificate thus assigned. The plaintiff, on July 9, 1887, " tendered the same to the defendant at its office in Boston, and demanded a transfer of the share to him, and a certificate to be made to him, and at the same time delivered to the defendant a copy of the will." The defendant " declined to transfer the stock to the plaintiff, or to make a certificate to him, solely on the ground that the executor was not authorized to make such sale for the purpose of making a change of investment."

No trustee has been appointed under the will, but it was necessary that at least the personal property of the estate should be held by some person who should act as trustee during the life of the widow of the testator, because, by the terms of the will, she is to be supported out of the estate, and on her death the residue of the estate, with its accumulations, after the payment of the debts, legacies, and the expenses of administration, is to be divided between the two daughters of the testator. Regularly, the executor, after the expiration of two years from his appointment, and after paying the debts, legacies, and expenses of administration, should have settled his accounts as executor, and paid over the money in his hands to a trustee appointed by the Probate Court. *Daggett* v. *White*, 128 Mass. 398. *White* v. *Ditson*, 140 Mass. 351.

After the debts and legacies and the expenses of administration had been paid, the executor must be considered as in fact holding the estate as a trustee for the benefit of the persons entitled to it under the will, and he is liable to them for any mismanagement of it, in the same manner and to the same extent as a trustee would be liable. It is not denied that the executor, acting as such before the debts, legacies, and expenses of administration had been paid, would have had power to sell and transfer this certificate ; but it is said that, after the lapse of time shown in this case, it must be presumed that all these things have been done, and it appears in the agreed statement

of facts that the share was sold " for the purpose of making a change of investments for the benefit of the trust described in the will."

The will contains no specific bequest of any personal property, and this share of stock was not a part of the estate which the testator left.   It is one of the ordinary powers of an executor to sell and convey the personal property of the estate in his discretion, subject to his liability to account, and it may be argued, with a good deal of force, that, in the absence of any limitation of this power in a will, or of any specific bequest of the property, he retains this power while he holds the personal property as executor, although he in fact is acting as a trustee. See *Hutchins* v. *State Bank*, 12 Met. 421 ; *Crocker* v. *Old Colony Railroad*, 137 Mass. 417.   An executor as such, except under special provisions of statute, has nothing to do with the real estate of his testator.   If real estate, or a power over real estate, is devised to him as executor, he takes it as a devisee, and not in his general capacity as executor.

We prefer, however, to assume in this case, that, as the executor held this share of stock for the purposes of the trust created by the will, his right to sell and convey it is precisely that of a trustee appointed in due form under the will.   If land is given in trust to collect the rents and profits for accumulation, or for other purposes, a power to sell the land is not to be implied.   Unless such a power is affirmatively given, it does not exist.   When personal property is given in trust, a power in the trustee to sell it and to reinvest the proceeds may, however, sometimes be implied from the nature of the property and of the trust, when the same power would not be implied if the property were land.

There is no indication in this will that the personal property is to remain in the form in which the testator left it ; and some of it must have been disposed of in the administration of the estate.   The provision that the residue of the property is to remain and accumulate until the decease of the wife of the testator, is not a direction that it shall remain in the form in which the testator left it.   It is the duty of the executor, as trustee, to furnish out of the residue of the property a proper and suitable support for the widow during her life, and she is still living.

The income may not be sufficient for this purpose, and, if not, it would be his duty to use the principal, and to convert a part of it into money. If the income were more than sufficient to support the widow, it would be his duty to accumulate it, and this might best be done at times by a change of investments. The discretion which our laws give to trustees in making investments, when no specific directions are given by the creator of the trust, requires that a somewhat more liberal view be taken of the implied power of trustees of personal property to change investments than has been taken in England and in some other jurisdictions. We are of opinion that the executor, acting as a trustee under this will, had the power to change the investment he had made of the assets of the estate by selling this share of stock.

The St. of 1884, c. 229, has no application to the case, for, without considering whether it relates to certificates of stock in foreign corporations, it plainly was not intended to affect the power of an executor or trustee to sell and convey property.

The case is submitted upon an agreed statement of facts, which waives any objection to the form of the action. It appears in this statement, that " the plaintiff waives all claim or right to the share in question, and offers to transfer the same to the defendant"; and it is agreed that, " if on the foregoing facts the plaintiff is entitled to recover, judgment is to be entered in his favor for the sum of one hundred and fifteen $\frac{50}{100}$ dollars, and interest from the ninth day of July, 1887." The plaintiff, upon executing such a transfer, and filing it with the certificate in the Superior Court, may have the judgment rendered in his favor affirmed.

*So ordered.*