MINNIE G. OBERNDORF, Appellant, *v.* FARMERS' LOAN AND TRUST COMPANY et al., as Trustees under the Will of JULIUS OBERNDORF, Deceased, Defendants, and WILLIAM D. OBERNDORF, Respondent.

Will — trust estate for benefit of testator's son " and his family " — when son's wife, living separated from him, may be entitled to part of trust income — equity — jurisdiction of court over action by son's wife for share of income.

Testator gave his residuary estate to trustees with directions to pay one-half of the net income to his son " during the period of his natural life, for the benefit of himself and his family." The son and his wife had no children and, after the death of testator, they separated, the marriage, however, continuing in full force and effect. Subsequent to their separation the son authorized the trustees to pay his wife a certain sum quarter-yearly.    Later this authorization was revoked by him.    The son's wife thereupon brought this

action to have the will construed and to have it adjudged that the trustees pay to her annually the sum theretofore paid from the income of the trust fund. The trial court found that the plaintiff was entitled as the only "family" of testator's son to a portion of the income, but there was no finding that her husband refused to support her. The Appellate Division reversed the judgment and dismissed the complaint. *Held*, that it was error to dismiss the complaint; that, while the trustees have no discretion with respect to the payment of the trust income, the words "for the benefit of himself and his family" are explanatory of a testamentary purpose which a court of equity may enforce; that the son takes the income under a trust, which was intended to be in part for the support of his family; that all the parties to be affected are before a court with equity powers, whose jurisdiction is ample and general over trusts and trustees. *Held*, further, that although plaintiff's demand to have it adjudged that the trustees apportion to her annually a designated portion of the trust income, could not be allowed as a bare right, the judgment should be modified so as to direct a new trial, in which it may appear that the plaintiff is not receiving that support from her husband which the testator intended by the trust provision to assist him in rendering.

*Oberndorf* v. *Farmers' Loan & Trust Co.*, 148 App. Div. 227, modified.

(Argued March 27, 1913; decided May 13, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 14, 1912, upon an order reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*I. N. Jacobson* for appellant. The plaintiff is the only family of the defendant, William D. Oberndorf. There is no issue of the marriage, and, even though living separate and apart, the plaintiff wife is, under such circumstances, the only family of her husband. (*Rugley* v. *Robison*, 10 Ala. 722; *Gates* v. *Steele*, 48 Ark. 539; *Cos-*

*grove* v. *Cosgrove*, 69 Conn. 416; *Cheshire* v. *Burling-
ton*, 31 Conn. 326; *Smith* v. *Wildman*, 37 Conn. 384;
*McPhee* v. *O'Rourke*, 10 Col. 301; *Miller* v. *Finegan*, 26
Fla. 31; *Kitchel* v. *Burgwin*, 21 Ill. 40; *Berry* v. *Hanks*,
28 Ill. App. 51; *Bowditch* v. *Andrew*, 8 Allen, 339; *Brad-
lee* v. *Andrews*, 137 Mass. 50; *Bates* v. *Dewson*, 128 Mass.
334; *Brown* v. *Brown*, 68 Mo. 388; *Whitehead* v. *Tapp*,
69 Mo. 415; *Kain* v. *Fisher*, 6 N. Y. 597; *Matter of
Shedd*, 60 Hun, 367; 133 N. Y. 601.) The plaintiff is
entitled to provision for her support out of the income
payable to William D. Oberndorf under the will of his
father. (*Ostrander* v. *Hart*, 130 N. Y. 414; *E. T. Co.* v.
*Hersee*, 103 N. Y. 25; *Smith* v. *Bowen*, 35 N. Y. 83; *Ire-
land* v. *Ireland*, 84 N. Y. 321; *Haynes* v. *Sherman*, 117
N. Y. 433; *Loring* v. *Loring*, 100 Mass. 310; *Allen* v. *F.
L. & T. Co.*, 18 App. Div. 27; *Wetmore* v. *Wetmore*, 149
N. Y. 520.) The plaintiff was entitled to bring and main-
tain an action to construe the will and apportion the
income and compel the trustees to pay a part thereof
directly to her instead of to William D. Oberndorf. (*Ire-
land* v. *Ireland*, 84 N. Y. 321; 39 Cyc. of Law & Pro.
510; *Holden* v. *Strong*, 116 N. Y. 471.)

*Russell Lord Tarbox* and *William Bruce Dowd* for
respondent. The plaintiff has failed to prove any cause
of action. There is no proof that the husband aban-
doned his wife, nor has she shown that her leaving his
home was justified. There is no proof of the husband's
means, nor of what resources the wife has, nor that she
is without property and unable to support herself. It is
not even shown that the husband has failed to support her.
(*Matter of Shedd*, 60 Hun, 368.) The claimant has no
cause of action against the trustee, whose duty was per-
formed by payment to the beneficiary in chief mentioned
in the will. The remedy, if any, is against the latter,
to compel a distribution of the fund, after it has been
turned over. (*Hawley* v. *James*, 5 Paige, 457; *Livings-*

ton v. Gordon, 84 N. Y. 136; Pell v. Folger, 68 Hun, 443; Holder v. Holder, 40 App. Div. 255; Ludlam v. Ludlam, 47 Misc. Rep. 232; Clark v. Leupp, 88 N. Y. 228; Shangle v. Hallock, 6 App. Div. 55; Crandall v. Hoysradt, 1 Sandf. Ch. 40.) A court of equity will enforce performance of a trust, but will not control the reasonable exercise of discretion by a trustee. (Clark v. Clark, 23 Misc. Rep. 272; Smith v. Wildman, 37 Conn. 384; Bradlee v. Andrews, 137 Mass. 50.) The husband is not a sub-trustee. (Byne v. Blackburn, 26 Beav. 44; Rich v. Rogers, 14 Gray, 174.) The plaintiff has mistaken her remedy. She should have obtained a judgment of separation, or at least an order for alimony, which would be enforced by the court, as against this trust, if circumstances required. (Wetmore v. Wetmore, 149 N. Y. 520; Allen v. F. L. & T. Co., 18 App. Div. 27.)

GRAY, J. The plaintiff, as the wife of the beneficiary of a trust created by the will of Julius Oberndorf, deceased, brought this action to obtain a judicial construction of the will and to have it adjudged that the trustees thereunder pay to her annually $1,000 from the income of the trust fund. The following facts have been found and may be regarded as established. The plaintiff was married to the defendant, William D. Oberndorf, in 1893. In 1895, his father, Julius Oberndorf, died and, by his will, gave his residuary estate to trustees. One of the purposes of the testamentary trust was contained in the following provision: "I authorize and direct my said executors and trustees to pay out of the trust fund an equal one-half part of the net income of my said residuary estate to my son, William D. Oberndorf, during the period of his natural life, for the benefit of himself and his family, and that the said one-half part of the income of my said residuary estate be paid to him in equal quarter-yearly installments on the first days of January, April, July and October." Provision was made, upon

the death of his son, that the income should be paid to his "lawful heirs," until they respectively arrived at the age of forty years, when they were to receive, each, his share of the principal, and, in the event of there being no lawful issue, that the income and principal should go to certain grandchildren, nephews and nieces, in the same manner as provided for William's issue. By a codicil to his will, the testator directed the trustees "to pay over the income to the wife of my son, William, during the pendency of her natural life, in the event of the death of my said son William, no children him surviving." There were no children of the son's marriage with the plaintiff and some years after the death of the testator, in September, 1907, they separated; the marriage, however, still continuing in full force and effect. Subsequently to their separation, the plaintiff's husband, by an instrument in writing, authorized the trustees to pay over to the plaintiff the sum of $250 quarter-yearly. Later, this authorization was, formally, revoked by him; whereupon the trustees discontinued making any payments to the plaintiff. Upon finding these facts, the court, at Special Term, directed judgment for the relief demanded by the plaintiff; holding that she, as " William D. Oberndorf's only ' family,' " is entitled to maintain the action to establish her right to a portion of the income. There was no finding, however, that the plaintiff's husband refused to support her. On appeal to the Appellate Division, the judgment recovered by the plaintiff was reversed "upon questions of law," only, and the complaint was dismissed. Mr. Justice DOWLING, who spoke for the court, considered that the plaintiff's contention should be decided, solely, by reference to the provisions of the will. Construing those provisions, he reached the conclusion that the trustees had no discretionary powers in the application of the income and, as the wife was not named as a beneficiary, except in the event of her husband's death, that she was in no position to maintain such an

action; whatever might be her rights to support out of her husband's income. While the view of the testamentary authority of the trustees in their application of the income was correct, we think that it does not follow that the court was without jurisdiction to direct the appropriation, in part, of the income to the plaintiff's benefit, upon proof that her husband had refused to contribute to her support.

The direction to the trustees is to pay the half of the net income "*to my son*, William D. Oberndorf, during the period of his natural life, *for the benefit of himself and his family.*" It was held below, correctly, and it is, expressly, conceded here by the respondent, Oberndorf, that his wife constituted his "family," within the meaning of the term. There was no discretion in the trustees with respect to the payment of the trust income to the beneficiary named; but the words "for the benefit of himself and his family" are explanatory of a testamentary purpose, which a court of equity may enforce, upon it being made to appear that that purpose is nullified by the beneficiary's conduct. He takes the income under a trust and will not be allowed to defeat a provision, which was intended to be, in part, for the support of his family. The beneficial gift by the testator was to assist him in that respect and he had recognized his wife's claim to be supported, after they agreed to live separately, by authorizing the trustees to pay her $1,000 a year. In intervening to enforce a due appropriation of a part of the trust income to the plaintiff, a court of equity, so far from acting in any wise in contravention of the testator's intention, would be maintaining it. The exceptional circumstances of the case would justify its interference to control the application by the trustees of the trust fund in such wise as to effectuate the testamentary provision. Oberndorf was not solely interested in the trust estate; he was clothed with a power, in respect thereof, for the benefit of another, his wife, as well as of himself, and he

will not be allowed to escape the performance of a duty, which the receipt of the trust income carries with it. (See *Ireland* v. *Ireland*, 84 N. Y. 321; *Haynes* v. *Sherman*, 117 id. 433; *Chase* v. *Chase*, 2 Allen [Mass.], 101, and cases cited in Perry on Trusts, sec. 117.)

We think the reversal by the Appellate Division of the Special Term judgment to have been correct; but the complaint should not have been dismissed. While there was no evidence that the plaintiff's husband refused to support her, and there is no finding upon the subject, such evidence may be supplied upon a new trial. The plaintiff would only be entitled to the intervention of the court to compel an appropriation of the trust income for her benefit in the event of her affirmatively showing that she required, and failed to receive, support from her husband. In this action all the parties to be affected are before a court with equity powers, whose jurisdiction is ample and general over trusts and trustees. No other action, therefore, need be instituted. The plaintiff's demand in her complaint to have it adjudged that the trustees apportion to her, annually, $1,000 of the trust income could not be allowed as a matter of bare right thereto. The agreement of separation between the parties gave no right to such an appropriation. It will have to appear that she was not receiving that support from her husband, which the testator intended by the trust provision to assist him in rendering.

For these reasons, the judgment of the Appellate Division should be modified so as to direct a new trial of the action and, as so modified, it is affirmed; without costs to either party.

CULLEN, Ch. J., WILLARD BARTLETT, CHASE, CUDDEBACK, HOGAN and MILLER, JJ., concur.

Judgment accordingly.