## APPEAL OF TITUSVILLE TRUST CO., AS COEXECUTOR OF THE ESTATE OF CHARLES F. ROTH.

Docket No. 1508.    Submitted June 9, 1925.    Decided February 18, 1926.

The last will and testament of a decedent who died between August 22, 1918, and January 1, 1919, directed that the executors named therein pay his debts and retain all of the personal and real estate then remaining; that the interest and income received therefrom be appropriated to the upkeep of the decedent's property in such proportions as they should deem expedient; that all interest, dividends, and annual proceeds, less the cost of the upkeep of the property, should be paid over to his widow for life; and, upon her death or remarriage, that the entire property be distributed to his five children, share and share alike. *Held*, in the absence of evidence that the administration of the estate had been completed and that the property was being held under the trust provisions of the will, that the Commissioner's determination of a deficiency against the estate as one in process of administration should be approved.

*William B. Griffen* for the taxpayer.
*Benjamin H. Saunders, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income tax for the years 1919 and 1920 in the amounts of $28.89 and $661.31, respectively, arising from the computation by the Commissioner of income under section 219 (a) (1) of the Revenue Act of 1918, and the disallowance by him of deductions in each of the years for depletion and depreciation of oil properties and equipment, upon the ground that the executors had failed to submit sufficient information to support the deductions claimed. Prior to the hearing, the Commissioner raised the issue that the will of Charles F. Roth created a taxable trust and that his determination of deficiencies against the estate was upon an erroneous basis. The executors deny that the will created a trust, within the meaning of section 219 of the Revenue Act of 1918.

### FINDINGS OF FACT.

Charles F. Roth, a citizen of the Township of Oil Creek, Pa., died between August 22, 1918, and January 1, 1919, leaving a will dated August 22, 1918, in which he appointed the Titusville Trust Co. and his wife, Mary F. Roth, as executors. The Titusville Trust Co. filed income-tax returns for the estate for the calendar years 1919 and 1920. In the return for 1919, it claimed a deduction of $500 for exhaustion of an oil lease. In the return for 1920, it claimed a deduction of $4,000 for depletion of oil property and $732.72 for depletion of gasoline property. At the hearing it was stipulated that the value placed by the Commissioner upon the properties in respect of which deductions for depletion and depreciation are claimed should be accepted. These values are not disclosed by the record. It was further stipulated that the amount of depletion and exhaustion, wear and tear sustained was $2,330.13 for the year 1919 and $3,154.62 for the year 1920; and that, if it should be held by the Board that the deficiencies were correctly determined upon the basis that the income reported in the returns was income of an estate during the period of administration or settlement, they should be computed in accordance with that stipulation.

The will of Charles F. Roth was as follows:

First. It is my will and I do order that all of my just debts and funeral expenses be paid and discharged by Executors, hereinafter named and appointed out of my estate as soon as conveniently may be, after my decease.

Item. I give, devise and bequeath unto my beloved wife, Mary F. Roth, all of my estate both real and personal of what nature or kind whatsoever, of which I shall die, seized and possessed or to which I shall be entitled at the time of my decease, during the term of her natural life and so long as she shall remain a widow.

After her decease or remarriage, I give, devise and bequeath all of the property, hereby devised and bequeathed to her as aforesaid, or so much thereof, as may then remain unexpended, I give unto my three sons and two daughters and to their heirs and assigns forever, share and share alike; Charles Albert, William F., Ernest E., Mrs. F. L. Reed and Mrs. Cora L. Baum.

And my will is that my said wife shall and may reside in the house wherein I now dwell, situate at Shamberg, in case she shall think it proper so to do. That the garden thereto belonging and also one acre of land adjoining thereto be enjoyed by her so long as she shall continue my widow and unmarried but not otherwise.

Also, I do authorize, empower and direct my Executors, hereinafter named, after payments of my just debts and incidental charges by course of administrations, to retain and keep in their own hands all of my personal and real estate then remaining and the interest and income received therefrom in such proportions as they shall judge expedient, be appropriated to the upkeep of my oil property and household.

Should it be the desire of either one of my sons to superintend and to supervise in general the production of my oil properties, and in case it should be judged expedient by my Executors, it is my wish that this shall be done

and that he be paid a reasonable compensation for his services, commensurate with the prevailing salaries paid to men in the same occupations.

If my daughter, Cora L. Baum, shall die leaving lawful issue, such issue is to receive the parent share but if there be no issue, then such share is to fall into the general fund, to be divided among the survivors in the manner before directed.

And I hereby give to my said Executors, full power and authority to sell any or all of my real or personal estate at private or public sale and invest or to lease the same as they may deem best for the interest of my family.

And my will is and I hereby direct that of the interest, dividends and annual proceeds of my personal and real estate, after an amount, judged sufficient has been laid aside toward the upkeep of my oil properties and household, shall belong and be paid and payable to such person or persons as would for the time being and under the conditions hereof be entitled to the profits and income arising from my property.

And lastly, I hereby nominate and appoint my said wife, Mary F. Roth and the Titusville Trust Co., to be Executrix and Executors of this my last will and testament, revoking all former wills by me made and ratifying and confirming this and no other to be my last will and testament.

### DECISION.

The deficiencies should be computed in accordance with the following opinion. Final determination will be made on 10 days' notice, under Rule 50.

### OPINION.

LITTLETON: At the time of his determination the Commissioner did not have before him the will of the decedent. He accordingly computed the deficiencies appealed from on the basis of the income of an estate during the period of administration or settlement. Prior to the hearing, however, he obtained the will of the decedent and raised therefrom the issue that the will created a trust, within the meaning of section 219 of the Revenue Act of 1918, and that, therefore, his determination of the deficiencies upon the basis that the income was the income of an estate during the period of administration or settlement was erroneous. The question of the amount of depletion and depreciation sustained during the taxable year has been disposed of by stipulation, leaving for the Board's determination only the question whether the decedent's will created a trust, within the meaning of section 219 of the Revenue Act of 1918, which provides:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

\*        \*        \*        \*        \*        \*        \*

The provisions of the will relevant to this appeal impose upon the executors the duty of holding, managing, and operating the entire property, after the payments of the decedent's debts and funeral expenses, and of paying the entire dividends and annual proceeds from the property to the life beneficiary, at least annually during her life for the period during which she may remain unmarried, after setting aside an amount deemed by them to be sufficient for the upkeep of properties, and of distributing the properties, both real and personal, upon the death or remarriage of the life beneficiary, to the decedent's three sons and two daughters, share and share alike. These provisions of the will in our opinion clearly created a trust within the meaning of section 219 of the Revenue Act of 1918.

Under the statutes of Pennsylvania, executors are required to make an inventory of all properties of a decedent within thirty days from the time administration is granted, and to make a just account and settlement of the estate in one year, or when thereunto legally required. And, further, whenever, by the provisions of any last will and testament admitted to probate, a trust has been or shall be declared of and concerning any real or personal estate to be executed by the executor or executors of said last will— whether by virtue of their office or otherwise—and any of the executors shall die, or shall renounce, resign, be dismissed from, or refuse to act in said trust, it shall be lawful, upon application of parties in interest, to appoint trustees in place of executors.

The Commissioner contends that during the years 1919 and 1920 the executors named in the will of the decedent were trustees, and that his determination should have been made upon the basis of a trust under the provisions of section 219 of the Revenue Act of 1918 and not upon the basis of an estate in process of administration. As to whether he is correct in this determination, the Board is unable to form an opinion under the evidence before it. We have only the will and the fact that the Titusville Trust Co. and Mary F. Roth were appointed executors. We have no evidence as to when letters testamentary were issued or when, if at all, the executors rendered an accounting in settlement of the estate. The Board finds no reason for holding that, merely because a will creates a trust, the tax should be computed upon the basis that the income is that of a trust instead of the income of an estate during the period of administration or settlement. Where the executors, who may also be

trustees, are required to perform acts in the administration and settlement of an estate, any income received between the date of the decedent's death and the performance by the executors of their duties, as such, and the rendering of their account in settlement thereof, should be treated as the income of an estate in processs of administration or settlement. The estate of this decedent was subject to administration and the duties common to and necessary in the administration of estates were imposed upon the executors, and, until this duty has been performed and the property is taken over by the executors, or such other person as the court might appoint as trustee, the provisions of section 219 applicable to estates in the process of administration or settlement should be applied.

In the case of *Jones* v. *Atchison, T. & S. F. Ry. Co.*, 150 Mass. 304; 23 N. E. 43, the will of the decedent provided:

I order and, direct that my wife, Sophronia P. Goss, shall be supported and maintained in a proper and suitable manner, during her life-time, out of my estate. * * * The residue of my estate, after the payment of the debts, legacies, and expenditures before stated, I devise to remain and accumulate until the decease of my said wife; and, upon her decease, it is my will that whatever estate shall then remain, whether of the original amount or of its accumulations, if any, shall be equally divided between my two daughters aforesaid, to hold, to them and their heirs, forever. * * * I appoint Jeremiah P. Jones, of Georgetown, executor of my last will and testament.

The question involved was whether the executor had the right, five years after the proving of the will, to sell certain stock belonging to the estate for the purpose of making a change of investment. The court said:

No trustee has been appointed under the will; but it was necessary that at least the personal property of the estate should be held by some person, who should act as trustee during the life of the widow of the testator, because by the terms of the will she is to be supported out of the estate, and on her death the residue of the estate, with its accumulations, after the payment of the debts, legacies, and the expenses of administration, is to be divided between the two daughters of the testator. Regularly, the executor, after the expiration of two years from his appointment, and after paying the debts, legacies, and expenses of administration, should have settled his accounts as executor, and paid over the money in his hands to a trustee appointed by the probate court. *Daggett* v. *White*, 128 Mass. 398; *White* v. *Ditson*, 140 Mass. 351, 4 N. E. Rep. 606.

After the debts and legacies and expenses of administration were paid, the executor must be considered as in fact holding the estate, as a trustee, for the benefit of whomsoever was entitled to it under the will.

In the case of *Rixey's Executors* v. *Commonwealth*, 125 Va. 337; 99 S. E. 573, the court said:

If an executor is directed to invest funds belonging to the estate which come into his hands as executor, no trust is superadded, but that is a part of his duties as executor. If an executor is also appointed as a trustee under a will, he cannot be considered as holding any part of the assets in his capac-

ity as trustee until he has closed his accounts as executor with reference to this particular fund and has been charged with these funds as trustee. *Hall* v. *Cushing,* 9 Pick. (Mass.) 395 ; *Perkins* v. *Moore,* 16 Ala. 9 ; 18 Cyc. 1258.

The basis of the Commissioner's determination is approved, and the executors should be allowed a deduction for depletion, and exhaustion, wear and tear, as set forth in the findings of fact.