## CHARLES J. COULTER, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8181.   Promulgated March 9, 1927.

*Russell L. Bradford, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

LITTLETON: The Commissioner determined a deficiency in income tax of $115.81 for the calendar year 1920.   Petitioner claims that the Commissioner erred (1) in including as taxable income to him as a beneficiary of a trust created by the will of Charles J. Coulter, Sr., the amount of $3,221.76, representing that portion of the income of the estate of the said Charles J. Coulter, Sr., which had accrued between January and August 31, 1920, but had not been collected or paid by the trustees to his aunt, who was a life beneficiary in two-fifths of the income of the said estate and who died on August 31, 1920, and (2) in including as taxable income to him the amount of $378.41, representing that portion of the income of the estate of his aunt, under whose will he was the sole beneficiary, received by the executor during the first four months of the administration of the said estate, which amount was neither paid nor credited to him.

## FINDINGS OF FACT.

Petitioner is a resident of New York, N. Y.

Charles J. Coulter, Sr., died prior to September 25, 1902. He left a will, which was duly admitted to probate, under which the Farmers Loan & Trust Co. of New York qualified as and was appointed substitute trustee, and was acting as such during the year 1920. Said will, so far as is material here, provides as follows:

THIRD: I give, devise and bequeath, all the rest, residue and remainder of my property, both real and personal, and wheresoever situated, to my executors hereinafter named, or such of them as shall qualify, the survivors of them, and his and their successors in trust nevertheless, for the following purposes:

(1) To divide the same into five equal parts or shares, to set apart two of said parts or shares, to invest, re-invest and keep the same invested, to collect, and receive the rents, issues and profits thereof, and to pay over the net income of said two parts or shares to my wife Elizabeth K. Coulter, in equal quarterly payments to her during her natural life. And upon her death

(A) To pay over to my son, Charles J. Coulter, Junior, the net income of one and one-half of said parts or shares during his natural life, and upon his death to convey said one and one-half part or share to the heirs of my said son then surviving, per stirpes and not per capita, share and share alike absolutely and forever.

(B) To convey the remaining one-half of one of said two parts or shares as my said wife may direct in writing by instrument in the nature of a last will and testament, and if my said wife shall make no disposition of said remaining one-half of one part or share by such instrument in writing, to convey the said one-half of one part or share to my said son and his heirs absolutely forever.

(2) To set apart one of said parts or shares, to invest, reinvest and keep the same invested, to collect and receive the rents, issues and profits thereof, and to apply the net income of said one part or share, or so much thereof as my executors may deem advisable, to the use of my son Charles J. Coulter, Junior, until he shall attain the age of twenty-one years; if the amount of said net income so applied to the use of my said son during his minority by my said executors shall not equal the entire amount of such net income, to pay over the balance of such net income during the minority of my said son to my wife, Elizabeth K. Coulter; when my said son attains the age of twenty-one years to pay over to him the net income of said one part or share in equal quarterly payments during his natural life and upon his death, to pay over the net income of said one part or share to my wife Elizabeth K. Coulter, during her natural life, and upon her death, to convey said part or share as my said son may direct in writing by instrument in the nature of a last will and testament, and if my said son shall leave no will, to convey said one part or share to his heirs surviving at the death of my said wife, per stirpes and not per capita, share and share alike absolutely forever.

(3) To set apart the two remaining parts or shares of my estate, to invest, reinvest and keep the same invested, to collect and receive the rents, issues and profits thereof, to pay over the net income of said two parts or shares to my sister, Elizabeth A. Coulter during her natural life, in equal quarterly payments; and upon her death.

(A) To pay over the net income of one of said parts or shares to my said wife during her natural life, and upon the death of my said wife to convey said one part or share to my said son and to his heirs absolutely forever.

(B) To pay over the net income of said part or share to my said son during his natural life, and upon his death to convey the said one part or share to his heirs then surviving, per stirpes and not per capita, share and share alike, absolutely forever.

Elizabeth A. Coulter died on August 31, 1920, and the Farmers Loan & Trust Co. of New York was appointed executor of her estate. During the first eight months of 1920 the trustee under the will of Charles J. Coulter, Sr., had collected and paid over to Elizabeth A. Coulter the amount of $5,811.82. On August 31, 1920, the amount of income of the estate of the said Charles J. Coulter, Sr., which had accrued to Elizabeth A. Coulter, but which had not been collected or paid over to her by the trustee, was $3,221.76. The executor included this amount as a part of the capital of the estate of Elizabeth A. Coulter in its report, which was approved by the Surrogate Court of New York.

The Commissioner held that the amount of $3,221.76 which was collected by the trustee under the will of Charles J. Coulter, Sr., and executor under the will of Elizabeth A. Coulter, between August 31 and December 31, 1920, was distributable to the petitioner, since he succeeded under the will of Charles J. Coulter, Sr., to one-half of the income of the Charles J. Coulter, Sr., trust to which Elizabeth A. Coulter was entitled during her life, and increased petitioner's income for 1920 accordingly. This amount of $3,221.76 was not during the year 1920 and has not since been paid or credited to the petitioner but has been held by the trustee as a part of the corpus of the estate of Elizabeth A. Coulter.

At the time of her death Elizabeth A. Coulter owned considerable property in her own right of a value in excess of $104,000. In her will she left her entire estate in trust for her nephew, the petitioner herein, with directions that the income therefrom be paid over to him. During the period from September 1 to December 31, 1920, the estate of Elizabeth A. Coulter was in process of administration. The executors were engaged in marshalling the assets of the estate, and the debts of the estate and the expenses of administration had not been determined or paid at the end of 1920. This estate was in process of administration and settlement until some time subsequent to December 22, 1921. During the last four months of 1920 the estate received income in the amount of $1,878.43, of which amount $1,500 was paid to petitioner. The said amount of $1,878.43 was included by the executors as income of the estate in the income-tax return filed by the estate, and $1,500 thereof paid to petitioner was deducted under the provisions of section 219(c) of the Revenue Act

of 1918. The Commissioner increased petitioner's income from the estate of Elizabeth A. Coulter in the amount of the said $378.41 upon the ground that the entire income received by the estate, notwithstanding it was in process of administration and settlement, was taxable to the petitioner.

> *Judgment will be entered for the petitioner upon the issues raised upon 15 days' notice, under Rule 50.*