WILLIAM BEACH LAWRENCE, Respondent, Appellant, v. LEE
GWYNN LAWRENCE, Individually and as Sole Surviving Trustee
for ISAAC LAWRENCE and Others, under a Certain Deed of
Trust Made by ISAAC LAWRENCE and Others, etc., Appellant,
Respondent, Impleaded with ROBERT J. MENZIE and Another,
as Administrators, etc., of FRANK J. MENZIE, Deceased, Defend-
ants, and MABEL GWYNN LAWRENCE and Others, Appellants.

First Department, April 29, 1927.

Trusts — action for construction of trust instrument — defendant's hus-
band made deed of trust which directed payment of $3,000 annually to
trustor and balance of net income to defendant " for the support of
herself and the children " of the marriage " so long as she shall live and
remain unmarried after the death of the party of the first part "— at
time of execution of instrument plaintiff, child of marriage, was seven
years old — another child has since died — plaintiff is now thirty-eight
years old — instrument did not transfer absolute title to income to
wife — plaintiff is entitled to share of income — income to children
was not limited to their minority — since defendant refuses to exercise
discretion in regard to amount to be given plaintiff, court directs that
plaintiff is entitled to one-third.

A trust instrument executed by the defendant's husband which deeded all his
property to the defendant and a third party in trust for the benefit of the
husband, to the extent of $3,000 annually, and which provided that the balance
of the income should be paid to the defendant " for the support of herself and
the children " of the marriage " so long as she shall live and remain unmarried
after the death of the party of the first part " does not convey an absolute title
to the income to the defendant.

The plaintiff, who, at the time the instrument was executed, was about seven
years old and whose sister, the only other child of the marriage, has since died,
is, although he is thirty-eight years old, entitled to share in the income from
the trust fund.

The contention by the defendant that the children were only entitled to receive
benefit from the trust until they reached the age of majority cannot be sus-
tained, for there is no provision in the trust instrument to that effect.

Since the defendant refuses to concede the right of the plaintiff to share in the
income or to undertake to exercise her discretion in the distribution of a portion
thereof to the plaintiff, the court directs that the plaintiff is entitled to one-third
of the annual income.

APPEAL by the defendant, Lee Gwynn Lawrence, individually
and as sole surviving trustee, from a judgment of the Supreme
Court, entered in the office of the clerk of the county of New York
on the 31st day of March, 1925, upon the decision of the court
rendered after a trial at the New York Special Term, and also from
an order entered in said clerk's office on the 25th day of February,
1926, settling the case on appeal, excepting in so far as the claim

allows the first and second amendments and disallows the third amendment proposed by the plaintiff.

Appeal by the defendants, Mabel Gwynn Lawrence and others, from certain parts of said judgment, and also from an order entered in said clerk's office on the 4th day of April, 1925, denying the motion of said defendants for a resettlement and amendment of said judgment.

Appeal by the plaintiff, William Beach Lawrence, from certain parts of said judgment.

*Emanuel A. Stern,* for the plaintiff.

*Henry C. Burnstine* of counsel [*Burnstine & Geist,* attorneys], for the defendant Lee Gwynn Lawrence.

*James Marshall, guardian ad litem,* for the defendants Mabel Gwynn Lawrence and others.

Judgment and order affirmed, without costs, on the opinion of BIJUR, J., at Special Term.

Present — DOWLING, P. J., MERRELL, MARTIN; O'MALLEY and PROSKAUER, JJ.

The following is the opinion of the Special Term:

BIJUR, J. The question presented to me in the present phase of this litigation is whether the plaintiff is entitled to share in certain income of an estate under the following circumstances: In 1893 the husband of the defendant, Lee Gwynne Lawrence, made a deed of trust of all his property to his wife and a third party which provided for the investment of the property, the payment of the expenses of executing the trust, the payment of $3,000 annually to the trustor and the payment over to the defendant of the balance of the net income of said property "for the support of herself and the children" of the marriage "so long as she shall live and remain unmarried after the death of the party of the first part." At the time of the execution of the trust the plaintiff was about seven years old and there was a sister a little older, who has since died. In 1908 plaintiff married, is now about thirty-eight years of age and has three children. The defendant's principal contention relates to the construction of the language of the trust, in particular the words which I have quoted, to arrive at the intention of the trustor. In that connection defendant urges, first, that by the language of the instrument an absolute title was conveyed to his wife in the income referred to and that that purpose "will not be restricted or cut down to any less estate by subsequent or ambiguous words," citing *Clarke* v. *Leupp* (88 N. Y. 228), but in that case there was, as the quoted

words indicate, first, an absolute gift and subsequently language which the court interpreted " as the mere expression of the testator's wish as to the use or disposition of the property." In the present case the language to be construed is a single clause of a sentence in which the limitation for the support of herself and the children is an essential part of the instruction to pay over the net income to the defendant. I am of opinion, therefore, that there was no absolute gift. The same considerations dispose of the defendant's further contention that the disposition of the income by way of supporting the children was left solely in the power of the defendant, since in my opinion there is no gift here other than a qualified one. Defendant urges also that in any event the clause considered is to be construed as relating to the children only while they are minors. There is, however, no express provision to that effect in the deed of trust, and if reference be made to other clauses of the instrument, as, for example, the 12th, in which the contingency of the death " of all of the children " is provided for, the result of interpreting the word " children " there as minor children only would to my mind lead to absurd results. I think that the situation here pres- ent is governed by the authority of *Oberndorf* v. *Farmers' Loan & T. Co.* (208 N. Y. 367); *Woodruff* v. *Woodruff* (54 App. Div. 414); *Loring* v. *Loring* (100 Mass. 340) and *Hollingsworth* v. *Hollingsworth* (65 Ala. 321); see, also, *Rich* v. *Rogers* (14 Gray, 174); and that the children are entitled to a direct and beneficial interest in the income, and that where, as in the present case, the recipient refuses to concede that right or to undertake to exercise her discretion in regard to the amount of the distribution, this court is bound by the same authorities to use its best judgment to that end. In my opinion the plaintiff is entitled, under all the circumstances developed on the trial, to one-third of the annual income. Submit findings and judgment accordingly.