IRENE O'D. FERRER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18199. Promulgated September 15, 1930.

*Edward L. Blackman, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

BLACK: The first contention of the petitioner is that under the will of her husband the income of the property conveyed to her in trust was not for her benefit alone, but was also impressed with a trust for

the benefit of the children and that whatever part of the income which within her discretion she should apply for the support, education, and maintenance of the children within the year in which said income was received should be taxable to the children and not to her. The respondent contends that the discretion authorized by the will is not the discretion imposed on a fiduciary, but is simply a direction for whom the money may be expended after it is distributed to petitioner. But, if he is in error in this contention, the respondent contends in the alternative that when the petitioner drew the funds from the trust account and deposited them in her individual bank account she exercised her discretion as trustee as to the manner of distribution and the income became income to her individually, and that the obligation to support, maintain and educate her four children was thereafter assumed by her individually as their mother, which conclusion, he asserts, was borne out by the fact that the petitioner on her fiduciary return reported all the trust income as being distributable to her individually, and in fact she rendered such income for taxation on her individual income-tax return for 1921.

We are not inclined to place any controlling weight on the fact that the petitioner now assumes a different position in regard to the distribution of the trust funds than she did at the time of filing the fiduciary return and including all the fiduciary income in her own individual income-tax return for 1921. In *Gutterman Strauss Co.*, 1 B. T. A. 243, we stated that the Board was created for the purpose of determining the correctness of deficiencies in tax found by the Commissioner and said, " If a taxpayer can prove to this Board that he is entitled to a deduction from gross income, the deduction will be allowed even though it has never been claimed by the taxpayer at any hearing had before the Commissioner."

It is necessary to decide from the language of the testator whether he conveyed the residuary estate to the petitioner impressed with a trust for the benefit of their four children as well as an express trust for her own benefit. The pertinent paragraph of the will has been set up at length in the findings of fact. No technical language is necessary to the creation of a trust either by deed or will. *Colton* v. *Colton*, 127 U. S. 300. We are convinced that by the provisions of the will a trust was created for the benefit of the minor children, and that the income was charged with a trust for their support, education and maintenance. Unquestionably a right which could be enforced in a court of equity existed in the children to have a reasonable part of the income so used and the petitioner was not authorized to appropriate it either entirely or mainly to her own use and deprive the children of their reasonable or equitable shares.

The editor of Perry's Sixth Edition of Trusts and Trustees says in a footnote to section 117:

When a testator has stated the motive which leads to the gift, the inquiry arises, is the motive or purpose of the gift so stated that the donee is under an obligation to apply the gift, or any part of it, to the benefit of another person? There are three classes of cases: * * * (2) There is a large class of cases where the first donee has a discretion to apply a part or the whole of the gift to a third person. This discretion, if exercised in good faith, will not be interfered with by the court, and the property unapplied by the donee will belong beneficially to him. Thus in *Hornby* v. *Gilbert*, Jac. 354, where a gift was made to A to be laid out and expended by her at her discretion, for or towards the education of her son, and that she should not be liable to account to her son or any other person, it was held that the property belonged to her beneficially, subject to a trust to apply a part to the education of the son during his minority. And so where income is given for life, to be applied to the education and maintenance of children in the discretion of the donee, the income must be paid to the person named, and the part unexpended belongs to such person beneficially. *Gilbert* v. *Bennett*, 10 Sim. 371; *Hadow* v. *Hadow*, 9 Sim. 438; *Leach* v. *Leach*, 13 Sim. 304; *Brown* v. *Paul*, 1 Sim. (N. S.) 92; *Bowden* v. *Laing*, 14 Sim. 113; *Longmoor* v. *Elcum*, 2 Y & C. Ch. 363. And if the interest or income of legacies to the children is given to a parent, to be applied to the maintenance and education of the children, the parent will take the surplus beneficially if he performs his duty, unless a contrary intention is expressed.

We consider the reasoning of the Solicitor in his opinion in a similar situation reported in I. T. 1554, C. B. II-1, p. 134, as applicable, in which he said:

While under the terms of the will the net income is to be paid to the widow, she is, nevertheless, given no more or greater beneficial interest therein than the daughters, and it is accordingly held that each of the beneficiaries (the widow and two daughters) will be entitled to an equal portion of the income after the trust has been established, irrespective of the assignments. (*Jubber* v. *Jubber*, 9 Simons, 503; *Loring* v. *Loring*, 100 Mass. 340; *Proctor* v. *Proctor*, 6 N. E. (Mass.) 849.) See also Perry on Trusts and Trustees (6th Ed.), Section 117, and cases there cited to the effect that the parent takes as a sub-trustee.

See *Lawrence* v. *Lawrence*, 220 App. Div. (N. Y.) 307; 221 N. Y. S. 572, and *Colton* v. *Colton*, *supra*.

We do not attach any controlling weight, as contended for by the respondent, to the fact that the actual payments for the support and maintenance of the minor children were made from the petitioner's individual bank account instead of the trust account, as this method was more convenient for the petitioner and the record discloses no evidence of any intention on the part of the petitioner to disregard the trust imposed.

Since we have decided that there was a trust in favor of the children as well as petitioner, the distribution should have been

taxed in accordance with section 219(d) of the Revenue Act of 1921, which provides:

In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

The question of the amount that went to each of the four children is not before us. The petition filed by petitioner contains the following allegation:

That the reasonable expense of providing for the education and support of said children in the year 1921 was at least the sum of $5,000 and your petitioner expended in 1921 more than that amount for such purpose and such sum should be deducted from the income received by the petitioner from the estate of her deceased husband in computing her taxable income.

Proof was made that $7,184.75 was expended during the taxable year for that purpose while the entire income from the trust amounted to $5,379.65. Since no amendment was made to conform with the proof, $5,000 of the income rendered by petitioner on her original return should be taken therefrom as income taxable to the children and not to the petitioner.

The second issue involves a part of the amount received by the petitioner from the estate of her mother in 1921. This estate was admittedly in process of administration until some time in 1921 and no payments were made by the executors to the petitioner on account of her share of the income until 1921, at which time she received $13,696.62, of which $10,621.80 represented dividends and other income received by the executors in years prior to 1921. The respondent, in determining petitioner's tax liability, included in her gross income for 1921 the entire $13,696.62.

The applicable section of the Revenue Act of 1921 is section 219 (a) and (c):

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

\*      \*      \*      \*      \*      \*      \*

(c) In cases under paragraphs (1) * * * of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

Corresponding provisions to the above were contained in section 219 of the Revenue Act of 1918.

In the *Appeal of the Titusville Trust Co.*, 3 B. T. A. 868, at 871, we said:

* * * The Board finds no reason for holding that, merely because a will creates a trust, the tax should be computed upon the basis that the income is that of a trust instead of the income of an estate during the period of administration or settlement. Where the executors, who may also be trustees, are required to perform acts in the administration and settlement of an estate, any income received between the date of the decedent's death and the performance by the executors of their duties, as such, and the rendering of their account in settlement thereof, should be treated as the income of an estate in process of administration or settlement. The estate of this decedent was subject to administration and the duties common to and necessary in the administration of estates were imposed upon the executors, and, until this duty has been performed and the property is taken over by the executors, or such other person as the court might appoint as trustee, the provisions of section 219 applicable to estates in the process of administration or settlement should be applied.

See also *Charles J. Coulter, Jr.*, 6 B. T. A. 426, wherein the Board disapproved without opinion the action of the Commissioner in determining a deficiency against the petitioner based upon the inclusion in his income for the taxable year of the sum of $378.41, a portion of the income received by the executors of the estate during the taxable year and not paid over to the petitioner, the estate being in process of administration during the entire year.

Manifestly the $10,621.88 income from the estate of Teresa M. J. O'Donohue, received in prior years by the executors of the estate, was taxable to the estate and not to petitioner, unless it was paid over or credited to her in such years. The evidence shows that it was neither paid nor credited to petitioner in such prior years but was paid to her in 1921. Whether the executors rendered such income for taxation and paid the tax thereon in such prior years, we do not know. The evidence and stipulation are silent on that point.

Where the tax has been paid on the net income of an estate or trust by the fiduciary, such income is free from tax when distributed

**818**

to the beneficiaries, article 344, Regulations 62, Revenue Act of 1921. I. T. 1344, C. B. I–1, p. 217, wherein it was held:

Income of the estate during the period of administration is taxable to the executors and not to the beneficiaries * * *. They may deduct in such returns amounts properly paid or credited during the taxable year to beneficiaries, which amounts should be included in the individual returns of the beneficiaries and tax paid thereon by them whether such amounts were actually received by them during such years or not * * *. The amounts representing taxpayer's share of the income accumulated during that period are not taxable income to him for the years in which it was accumulated nor when paid.

We think the foregoing correctly states the law governing the instant case. If any part of the $10,621.88 had been paid to petitioner or credited to her by the executors in the years when such income was received, then such part would have been taxable to petitioner in the year when paid or credited and the executors would have had the right to deduct such payments or credits from their return of income for the particular taxable year. But no part of said $10,621.88 having been paid to petitioner or credited to her in the years when it was earned, it was taxable to the executors and can not be added to petitioner's income in 1921, the year in which the administration was closed and the money paid over to petitioner. Of course the $3,074.74 income to the estate of Teresa M. J. O'Donohue in 1921, paid over to petitioner in 1921, was properly income to her for that year and the executors in filing their fiduciary income-tax returns for that year, have the right to deduct such payment from the gross income of the estate.

*Decision will be entered under Rule 50.*