In the Matter of the Estate of AIMEE ALLEN RUDD.*

Surrogate's Court, Albany County, November 17, 1937.

* See 165 Misc. 238.

834

*Stedman & Stedman,* for the petitioner.

*William L. Visscher,* for the trustee.

*O'Connell & Aronowitz [Stanton Ablett* of counsel], for Tracey Allen Rudd.

*Frank Pedlow,* special guardian.

ROGAN, S. In this accounting proceeding a construction of paragraph sixth of the will of testatrix is requested. The paragraph reads as follows: " *Sixth.* In the event that I should survive my husband, I give and bequeath all the rest, residue and remainder of my estate, real and personal, of every name and nature, including stocks, bonds and real estate, to Mechanics & Farmers Bank of Albany, in trust, however, to receive, hold, invest and re-invest the same and to pay the interest and avails thereof to my son Tracey Allen Rudd monthly for his use and the use of his children for and during the term of his natural life, and upon his death to divide the corpus of said trust fund into as many equal parts or funds as shall equal in number the then survivors among my said son's wife Marguerite Grover Rudd and my grandchildren living at the time of my death; to pay over one of said equal parts or funds to said Marguerite Grover Rudd absolutely; to continue to hold the other of said equal parts or funds in trust, to collect the income therefrom and to pay over monthly the net proceeds of such income from one of said equal parts or funds to each grandchild of mine living at the time of my death until such grandchild shall attain the age of twenty-four years, whereupon I give and bequeath to such grandchild absolutely the corpus of such equal part or fund theretofore held in trust for the benefit of such grandchild. Should any grandchild of mine who may be living at the time of my death survive said Tracey Allen Rudd but die before attaining the age of twenty-four years, I give and bequeath the corpus of the trust hereinbefore created for the benefit of such grandchild absolutely to the issue, if any, of such grandchild, or in default of such issue, to such of my grandchildren as shall then be living. Should all of my grandchildren who may be living at the time of my death predecease my said son Tracey Allen Rudd, then on his death I give and bequeath absolutely the corpus of the trust hereinbefore created for his benefit to Memorial Hospital, Albany, New York."

At the time of the execution of the will, viz., June 20, 1927, Tracey Allen Rudd had been divorced by his first wife, and had remarried. The children of the first marriage (the only grandchildren surviving the testatrix), William P. Rudd, Elizabeth Rudd Spencer, and Mary Bonnefield Rudd, all infants at the time, were living with their mother, and are still alive. There are no other descendants of the testatrix living at the present time.

The decedent died a resident of the city of Albany, N. Y., on the 7th day of March, 1929. On January 13, 1933, Tracey Allen Rudd executed an agreement individually and in his fiduciary capacity under the will of testatrix, with Gertrude H. Rudd, his divorced wife, individually and as guardian of the infants before named, whereby he agreed in substance that one-third of the income of the trust fund payable to himself by the trustee bank should be for the use of his children, but in no event should the income to be paid be less than $1,200 per annum, even though such sum of $1,200 exceeded one-third of said income for any one year. He also agreed that said income should be paid directly to Mrs. Gertrude H. Rudd as guardian. Two of the children upon reaching their majority ratified said agreement. The other child is still a minor. Until the month of March, 1937, the income was divided between Tracey Allen Rudd and his three children in accordance with the terms of said agreement, when Tracey Allen Rudd revoked the order he had previously given to the trustee bank directing the payment of income as aforesaid, and nothing has been paid to such children since that time.

While Tracey Allen Rudd concedes that this court has the power under section 145 of the Surrogate's Court Act to construe the provisions of the will with particular reference to the phrase " for his use and the use of his children," it is his contention the surrogate has no right or authority to determine in what proportion, if any, the income should be apportioned, and that the children should be remitted to the Supreme Court or the Children's Court for their relief.

I hold and decide that not only has the surrogate the right and power to construe the provisions of the instant will, but in addition thereto I entertain no doubt whatever as to the jurisdiction of the court to determine the respective rights of the children under said will. (Surr. Ct. Act, § 40, subd. 3.),

Incidentally, it should be stated here that the reception in evidence of the document regarding the distribution of the income was not under the theory that it might aid or enlighten the court in construing the will itself, as it is incompetent for that purpose. It was received only for the purpose of showing that the son of the testatrix had recognized the rights of his children under the will, as well as his own moral and legal responsibility thereunder.

In so far as the construction of paragraph sixth is concerned, I hold and decide that by the use of the words " for his use and the use of his children " the testatrix intended that such income should be used by Tracey Allen Rudd for the joint use of himself and his children, and that there was no absolute gift to him. (*Oberndorf*

v. *Farmers' Loan & Trust Co.*, 208 N. Y. 367; *Ireland* v. *Ireland*, 84 id. 321.) It is urged that this court should follow the decision in *Clarke* v. *Leupp* (88 N. Y. 228), but in that case there was an absolute gift followed by language which the court interpreted " as the mere expression of the testator's wish as to the use or disposition of the property." (*Lawrence* v. *Lawrence*, 220 App. Div. 307.) In the case at bar there is no language susceptible of any other meaning than a gift for the joint use of testatrix's son and his children. It is true that testatrix intended to confer upon her son some discretion in the manner of applying the net income, but such discretion could only be exercised within reasonable limitations. (*Ireland* v. *Ireland, supra.*) There can be no doubt that Tracey Allen Rudd recognized his obligations under the will of his mother to use some of the income from the trust fund for the benefit of his children. Otherwise he would not have contracted and agreed that one-third of said income should be paid to his children commencing with 1933. There is no evidence before me that it was not his free and unconditional act. Neither does he offer any logical reason why he has abrogated its terms. It may be that his financial circumstances at the time were better than they are now, but we have no way of knowing. He may have suspected he was obtaining a substantial benefit to himself by the execution of the instrument; but so long as some income was paid to the children they made no complaint. It is significant, however, from all that appears, that he did, in so far as his discretion is concerned, attempt to carry out the directions contained in his mother's will, to use some or part of the income for the use and benefit of his children. It now appears that the son of the testatrix refuses to concede the right of the children to share in the distribution of the income, and asserts that this court cannot direct payment of any part of the income. I cannot agree with this contention. This court cannot allow a person charged with the duty of dispensing income from a trust estate for the use of his children to repudiate the specific directions of the decedent, nor will it permit unnecessary litigation, burdensome to the parties, to the estate and to another court, where its own powers are complete.

Having determined that the children of Tracey Allen Rudd are entitled to a direct and beneficial interest in the income, and it appearing that Tracey Allen Rudd has elected to nullify not only the specific directions of the testatrix but his own contractual obligations with reference thereto as well, and that he has not seen fit to exercise his discretion regarding the amount of the distribution, nor to offer satisfactory evidence of his own needs or those of his children, it becomes necessary that this court should undertake to use its best judgment to that end. (*Lawrence* v.

*Lawrence, supra.*) In the absence of facts showing the necessities of the several beneficiaries, each one is entitled to an equal share of the income. (*Ireland* v. *Ireland, supra.*) In view of the authorities above stated, I conclude that Tracey Allen Rudd and each of his children are entitled to one-fourth of the income from such trust fund created for their benefit, and that the same should henceforth be distributed by the trustee directly to the general guardian of the infant, the two adult children of Tracey Allen Rudd and to himself.

Enter decree accordingly.