## Case No. 15,311.

### UNITED STATES v. HARRIMAN.

[1 Hughes, 525.] [1]

District Court, E. D. Virginia. Dec., 1876.

SEAMEN—AUTHORITY OF MASTER AND MATE—CORPORAL CHASTISEMENT.

1. The authority of the officers in a merchant ship to compel obedience and inflict punishment, is of a summary character, but not of a military character.

2. The right of a mate or other officer of a ship to inflict punishment on the seamen, when the master is on board and at hand, can be justified only by the immediate exigencies of the sea service, or as a necessary means to suppress mutinous misbehaviors on the part of the seamen, or to compel obedience by the seamen to orders which require immediate attention, and admit of no delay. Except where the obedience of the seaman admits of no delay, the officer must consult the master before inflicting blows upon the seaman. But the seaman must submit to blows at the time, and seek his redress by law on coming into port

3. The master, when on board, in general has the sole authority during a voyage while at sea, to authorize the infliction of punishment on the seamen.

The information was in these words: "Be it remembered that L. L. Lewis, United States attorney for the said district, and who in this behalf prosecutes for the United States, in his proper person comes into the said court, on this the sixth day of December, A. D. 1876, and here gives the said court to understand and be informed, that Charles Harriman, on the first day of November, A. D. 1876, on the high seas, he, the said Harriman, then and there being an officer

---

1 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

of the American vessel Sontag, to wit, the first mate of the said vessel, unlawfully, from malice, hatred, and revenge, and without justifiable cause, did beat, wound, and otherwise ill-treat certain of the crew, then and there on board the said vessel, to wit, John Kennedy, Edward Owen, William Dean, Richard Nicholas, Patrick Tracy, Andrew Olefsin, William Smith, and others, and then and there unlawfully did inflict upon the said John Kennedy, and the other members of the said crew just enumerated, cruel and unusual punishment, against the form of the statute in such case made and provided, and against the peace and dignity of the United States." Upon a statement of complaint, verified by the oath of John Kennedy, etc., competent witnesses. The ship Sontag, Harriman master, from Liverpool to Hampton Roads, shipped a crew at Liverpool, and set sail about the 4th of October, 1876. On her arrival in Hampton Roads, complaint was made before the United States commissioners at Norfolk, by the crew (about a dozen in number), of cruelty perpetrated upon them by the first and second mates, while on their voyage on the high seas. At the trial of the informations filed by the United States district attorney, it was shown in evidence that the two officers named made a practice of beating and kicking the men during the voyage, and in the case of two of them, inflicted very cruel treatment. The defendants denied the charge of cruelty and pleaded justification for their conduct. The offence charged was under section 5347 of the United States Revised Statutes, and the proceedings under secions 4300 and 4305. The case being novel, and the jury being unaware of the construction put upon section 5320 by the courts, asked for an explanation of that section from the court, which was given as follows:

HUGHES, District Judge. Disobedience to orders, and especially a deliberate refusal to perform duty, has always been considered as a very high offence by the maritime law, and, if the ship's condition is perilous, justifies quite harsh treatment, at the instant, on the part of the ship's officers. Except in very peculiar cases, the officer must at the time of giving an order be obeyed; and to secure obedience to his orders the law gives him authority to use force at the moment. In the exercise of this authority, however, regard must be had to the occasion and to the circumstances of the ship, and especially to the character and conduct of the seaman. If the officer exceeds his power, by exercising his authority harshly, or unjustly, or maliciously, he is answerable when he returns to port. It is, however, the duty of the seaman to obey orders and endure cruelty for the time; placing his reliance upon the courts and juries of his country for justice, on his return to American soil. But distinction must be made on this subject between the different officers of a ship. The master has generally the sole authority when on board of his ship to authorize punishment to be inflicted on any of the crew. Yet in many cases the safety of the ship may require instant obedience (as, for example, to take in sail) without waiting for any direct authority from the master to compel obedience. But the master cannot delegate to an inferior officer a general authority to inflict punishment; nor can the inferior officer inflict punishment at his own pleasure for any offence of the crew. The authority of any inferior officer to give blows exists only when it is, at the very moment, absolutely required by the necessities of the ship's service, to compel the performance of duty. But if he strikes, he becomes responsible to the country on coming into port. The master stands in this respect in the relation of parent to the seamen, and is bound to exercise his own judgment as to the time, the manner, and the circumstances, under which punishment is to be inflicted on the crew for any past misdemeanors, or for any present misdemeanors not immediately, at a critical moment, affecting the ship's safety. But under all circumstances where an inferior officer inflicts blows, the burden of proof is upon that officer to establish by clear evidence that the blows or punishment were inflicted in the moment of peril to the ship, or in self-defence. Seamen are not to be treated like brutes even though they misbehave themselves; neither has any officer of a ship a right to indulge his passions or resentment, by inflicting upon them cruel, or harsh, or vindictive punishment. If an officer does, he is amenable to the justice of his country for his misconduct. By the word "malice," used in law, is meant ill-natured wilfulness. It is a wilful intention to do a wrongful act. On one occasion, it was said by an English judge, that malice meant wilfulness. In legal signification it means "a wrongful act, done intentionally, without just cause or excuse." Such is the meaning of the word in the section 5347 of the Revised Statutes of the United States, making the infliction of blows on a seaman from malice an offence. See U. S. v. Taylor [Case No. 16,442] and U. S. v. Hunt [Id. 15,423]. See, also, Carleton v. Davis [Id. 2,408].

The court gives to the jury the following more summary instructions: 1. If the jury believe that Charles Harriman, the first mate of the said ship, on the voyage mentioned in evidence, beat or wounded any of the seamen without justifiable cause, or from malice, hatred, or revenge, they should find the accused guilty; if otherwise, that he is not guilty. 2. The penalty is to be fixed by the court, and may be from one dollar to a thousand as fine, and from one day to five years as imprisonment. 3. It is within the province of the jury to recommend a lenient penalty, as they may think proper, if they should find a verdict of guilty. 4. The language of the law forbids cruelty to "any of the crew"

of a vessel, which means any one or more of the crew.

Verdict of "Guilty," with a recommendation of leniency.