S. A. LYNCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46153. Promulgated May 27, 1931.

*Ward Loveless, Esq.,* for the petitioner.
*E. L. Corbin, Esq.,* for the respondent.

## OPINION.

SMITH: The petitioner contends that the disputed item of $21,000, representing the interest upon the securities held by the Atlanta Trust Company, is not taxable to him, but represents income to the trust, which he contends was created by the agreement of June 5, 1924, and that the amount is taxable under the provisions of section 219 of the Revenue Act of 1926. The respondent contends, first, that no trust was created as alleged, and, second, that, if a valid trust did exist during the taxable year, the petitioner himself was the beneficiary in respect of the income in question and is therefore

liable for the tax thereon. Section 219 of the Revenue Act of 1926 provides in part as follows:

(a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under paragraph (3) in the same or any succeeding taxable year.

We think that the instrument of June 5, 1924, clearly evinces a trust with respect to the $300,000 face value of securities from which the income in dispute was derived and that Flora P. Lynch and her two children were the only beneficiaries of such trust. The agreement in question has the appearance of a carefully prepared legal instrument. It is referred to by the parties as a trust and it contains all of the essential elements of a valid trust. A trust is defined in Perry on Trusts, vol. 1, p. 79, as follows:

Any agreement or contract in writing, made by a person having the power of disposal over property, whereby such person agrees or directs that a particular parcel of property or a certain fund shall be held or dealt with in a particular manner for the benefit of another, in a court of equity raises a trust in favor of such other person against the person making such agreement, or any other person claiming under him voluntarily or with notice; \* \* \*

Undisputably, the legal title to the securities in question passed to the trustee upon execution of the agreement and delivery of the securities to the trustee. The petitioner retained no interest in or control over the trust fund except a remotely possible reversionary interest. The substitution of other securities by the petitioner from time to time for some of those held by the trustee with the consent of all parties was not, as the respondent contends, an exercise of control over the trust *res* by the petitioner, but was presumably a necessary protective measure for the interest of the beneficiaries.

The respondent in support of his contentions relies strongly upon *Frank P. Welch*, 12 B. T. A. 800. In that case the petitioner had

agreed to pay a certain amount yearly for the maintenance and support of his wife and had deposited certain securities with a trust company as a guaranty for the agreed payments. We held that the petitioner was taxable upon the income from the securities. That case, however, is expressly distinguished from the instant case. We quote from the opinion:

The situation is to be distinguished from one where a trust fund is set up for the benefit of the wife and the husband has no interest in the income from the fund. The agreement which we are here considering was no more than one for maintenance and support, with collateral deposited as security for the payment. We are accordingly of the opinion that the interest received from the bonds held under the agreement between petitioner and his wife and the bank constitutes income to the petitioner.

In support of his contention that if a trust did exist here it was for the benefit of the petitioner, the respondent doubtless relies upon the following statement contained in the opinion of the *Welch* case:

* * * If this agreement can be said to give rise to any trust such as is contemplated by the Revenue Act, the petitioner was the beneficiary thereunder so far as the receipt of income is concerned, for the income was to be applied in payment of his indebtedness.

This dictum has no application to the present case. The petitioner was in no sense a recipient of any material benefits from the trust fund. He was no more a beneficiary than is the settlor of any voluntary expressed trust who benefits only in having his purposes served by the trust. There is nothing to indicate that the petitioner was legally bound to make any payments to his wife prior to the execution of the agreement.

There is a further clear distinction to be made between this case, where a permanent trust fund was voluntarily set aside for the benefit of the wife and children, and *Gould* v. *Gould*, 245 U. S. 151, cited by the respondent, where it was held that payments of alimony made by the taxpayer by order of the court did not decrease his taxable income.

We think that the interest on the securities in question for 1927 is taxable as trust income under the provisions of section 219 of the statute, quoted in part above, and is not taxable to the petitioner.

*Judgment will be entered under Rule 50.*