EMMA LOUISE SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43378. Promulgated June 9, 1931.

*G. H. Green, Jr., Esq.,* for the petitioner.
*P. A. Bayer, Esq.,* for the respondent.

OPINION.

MARQUETTE: The sole issue here presented is whether the income of the four trusts created by the petitioner is properly taxable to her.

The Revenue Acts of 1924 and 1926 each contain the following provision:

SEC. 219. (g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

The petitioner's first contention is that the words of the statute, " in conjunction with any person," restrict its application to cases where the power of revesting the property is exercisable by the grantor and only one other person; and that, therefore, it does not apply in the present instance, because the petitioner could only revest the trust *corpus* in conjunction with two other persons. In our opinion the argument is unsound.

Title 1, chapter 1, section 1, of the Code of the Laws of the United States, provides that:

In determining the meaning of any act or resolution of Congress, words importing the singular number may extend and be applied to several persons or things; words importing the plural number may include the singular; * * *

The principle there announced has long been a familiar rule of statutory construction. Another rule of construction is that a statute should be construed with reference to its spirit and reason; and although a case may fall within the strict letter of the law, yet courts have the power to declare it not governed by the statute because not within the spirit and reason of the law and the plain intention of the legislature. Thus, in *United States* v. *Harriman*, 26 Fed. Cas. 172, it was held that a statute forbidding cruelty to " any of the crew " of a vessel meant any one or more of the crew. In *State* v. *Carlino*, 118 Atl. 784, the New Jersey court held that a statute providing a penalty as to " any person " who kills another is not limited to any person in the singular, but is also applicable to two or more persons. In *Pickering* v. *Alyea Nichols Co.*, 21 Fed. (2d) 501, the Circuit Court of Appeals for the Seventh Circuit had under consideration section 503 of the 1917 Revenue Act, wherein were used the words " each person, corporation, partnership, or association." The court said:

But it is not essential that this thing be classified as an association in order to subject to tax its issuance of insurance policies. The statute also says " *person.*" *This, if course, includes the plural;* and if these persons, whether or not technically constituting an association, issue insurance policies, whether unto themselves or others, the tax is payable. So, if we treat all participants

as persons transacting the business, the act subjects them to the tax. [Italics supplied.]

See also *Peterson* v. *Delaware River Ferry Co.*, 42 Atl. (Pa.) 955; *Matz* v. *C. & A. RR. Co.*, 85 Fed. 180; *County of Chicot* v. *Lewis*, 103 U. S. 164. The holding in the *Pickering* case, *supra*, construes a statute very similar to the one now in question, and we adhere to it.

The petitioner also contends that the statute is not applicable because it provides that the person in conjunction with whom the grantor must act is not a beneficiary of the trust; and that under the trusts in question three of the four donees of the power to revest the property, namely, petitioner's husband and her two sons, are such beneficiaries. It is argued that petitioner's husband is a beneficiary because: (first) he might possibly receive the corpus of the trust according to the Massachusetts statutes of distribution; and (second) he might possibly, under the joint power created by the trust agreements, induce two other donees of the power to join him in altering the trusts so as to make him the recipient of their bounty.

As to the first proposition, we can not agree. The petitioner's husband might share in the trust property in the event he survived the grantor, her four sons, and all the children of such sons; but he would so share, not as a *cestui que trust*, but under the statutes of distribution of intestate property. Taking property under such conditions is not, we believe, the equivalent of being named a beneficiary in a trust agreement.

Petitioner's second proposition, that her husband is a beneficiary of the trusts because he might possibly, in conjunction with others, make himself a *cestui que trust*, is not sound. As used in the revenue act quoted above, the word "beneficiary" means one for whose benefit a trust is created, and who receives or is entitled to receive an advantage or benefit by the very terms of the trust. *Dillenbeck* v. *Pinnell* (Ia.), 96 N. W. 860; *James' Estate*, 134 N. Y. S. 859; *Bauer* v. *Myers*, 244 Fed. 902. In the case before us, petitioner's husband is not made a *cestui que trust*. The trusts established by her were not created for his benefit or advantage. As we read the revenue statute, it has reference to a present beneficiary of a trust, not to one who has only a remote possibility of becoming a beneficiary in the future.

Petitioner's third and last contention is that the statute in question is unconsitutional. The very section here applicable was declared constitutional in *Corliss* v. *Bowers*, 281 U. S. 376.

*Judgment will be entered for the respondent.*