JOHN H. STEVENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29685.   Promulgated September 17, 1931.

*Robert N. Holt, Esq.*, and *C. F. Fuller, C. P. A.*, for the petitioner. *Arthur Carnduff, Esq.*, for the respondent.

OPINION.

TRAMMELL: We have found as a fact that the petitioner created a parol trust making himself trustee for his son and daughter for two-thirds of the shares of stock owned by him in the Stevens Brothers Corporation. We think that all of the evidence supports this fact. The Commissioner relies upon the fact that the petitioner retained the stock in his own name, had control of it, and that the dividends were paid to him. The respondent also argues that the fact that the petitioner undertook to have the corporation make the checks payable to his son and daughter and the refusal to do so indicates that the corporation was not willing to accept the statement that a parol trust had been created. We think the explanation of the failure to do so made by the officer of the corporation to the effect that since the stock appeared in the name of the petitioner he could make the checks payable only in that name, is a good and sufficient reason, but we do not think that this indicates that the petitioner's statement, supported by all the other evidence, that a parol trust was

created, is not true. That a parol trust in personal property can be created is abundantly supported by authorities. The Illinois cases to that effect are as follows: *Maher* v. *Aldrich*, 205 Ill. 242; *Walden* v. *Karr*, 88 Ill. 49; *Koch* v. *Streuter*, 232 Ill. 594; *Clapp* v. *Emery*, 98 Ill. 523; *Padfield* v. *Padfield*, 68 Ill. 211; *Burback* v. *Burback*, 217 Ill. 547, and other cases.

It is equally well established by authorities that an individual may constitute himself trustee with respect to property owned by himself. Perry on Trusts, vol. 1, 6th ed., p. 95, states as follows:

> When a person sui juris orally or in writing explicitly or impliedly declares that he holds personal property in praesenti for another, he thereby constitutes himself an express trustee. Under these decisions trusts may be created by parol in any mere personal property, as in the shares of corporation, although the corporations themselves own real estate.

This proposition is abundantly supported by decisions.

The Commissioner contends that there is a distinction between this case and the case of *Lilian K. Blake*, 23 B. T. A. 554. There is, of course, a difference in the facts and evidence by which the parol trust was established, but in principle there is no distinction. In this case the petitioner orally declared himself a trustee with respect to a certain portion of the stock owned by him. We have to rely upon oral testimony of the petitioner supported by that of his daughter and other testimony. In the *Blake* case there were facts and circumstances which corroborated the testimony of the witnesses, but in any event, it is merely a question of fact to be established by evidence as to whether the petitioner orally declared that he held the property in trust for others. The testimony supports this fact.

In view of the foregoing we think that the Commissioner erred in including the $23,640 dividends received by the petitioner in trust for his son and daughter.

*Judgment will be entered under Rule 50.*