878

JOSEPH H. BROMLEY, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES S. BROMLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRY S. BROMLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN BROMLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 42400, 42401, 45291, 45293, 45294, 53749, 53750, 53765, 53877, 57523, 57524, 57535, 57768.

Promulgated August 18, 1932.

*Murray H. Spahr, Jr., Esq.,* for the petitioners.
*John H. Pigg, Esq.,* and *C. C. Holmes, Esq.,* for the respondent.

OPINION.

ARUNDELL: These proceedings, duly consolidated are brought for the redetermination of proposed deficiencies in income taxes as follows:

| Name | Year | Docket No. | Amount |
|---|---|---|---|
| Joseph H. Bromley, Jr | 1924 | 42401 | $1,211.34 |
| | 1925 | 42401 | 1,194.59 |
| | 1927 | 45294 | 1,468.74 |
| | 1928 | 53749 | 2,053.86 |
| | 1929 | 57524 | 4,226.23 |
| Charles S. Bromley | 1924 | 42400 | 1,618.60 |
| | 1925 | 42400 | 2,114.76 |
| | 1927 | 45291 | 2,157.95 |
| | 1928 | 53765 | 2,188.17 |
| | 1929 | 57768 | 6,007.26 |
| Henry S. Bromley | 1927 | 45293 | 1,084.23 |
| | 1928 | 53877 | 2,382.84 |
| | 1929 | 57535 | 4,025.57 |
| John Bromley | 1928 | 53750 | 4,762.28 |
| | 1929 | 57523 | 4,285.03 |

In each proceeding a stipulation of facts was filed, which we incorporate herein by reference and adopt as our findings of fact.

The four petitioners are brothers. On December 19, 1921, each of the four petitioners executed a deed of trust, and in each trust

the grantor and the three other petitioners were constituted trustees. Under the terms of each trust certain securities were transferred by the grantor to the trustees for the purpose of holding, managing, investing and reinvesting the securities, collecting the income therefrom, paying expenses, taxes, and charges, and accumulating the income for a period of 20 years for the benefit of the children of the grantors in each trust. Provision was made for distribution of the income to the children at certain ages, which provision is not material here. It was further provided in each trust that:

The parties hereto agree to and with each other that this trust shall be irrevocable for the period of twenty (20) years from its date, unless the second parties hereto [being all of the four trustees, one of whom was also the grantor] or their respective successors in interest concur in a decision to terminate the trust as to the principal sum thereof set forth in Schedule "A," continuing the trust, however, for the management and distribution, in the manner herein provided, of the income accumulated to the date of such termination.

Upon the expiration of the 20 years or the sooner termination of the trust, the principal of each trust was to revert to the grantor, but the income was to be distributed to the children in the manner specified.

None of the trusts was altered or amended during the several years here involved, and all were administered according to their terms. The income of each trust has been included by the respondent in the taxable net income of the respective grantors who are the petitioners here.

The question of whether the trust income is taxable to the grantor depends upon whether the trusts come within the provisions of section 219 (g) of the Revenue Acts of 1924 and 1926, and section 166 of the Revenue Act of 1928, which are identical, and provide as follows:

* * * Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

The principal question is whether the phrase "any person" is applicable to these cases, inasmuch as under each trust it was necessary that the four trustees concur in order to revest the corpus in the grantor. The same arguments made by petitioners here were advanced in *Emma Louise Smith*, 23 B. T. A. 631, in which we reached the conclusion that the singular noun "person" should be construed to include the plural, and that the taxing statute was intended to apply to cases where the revesting could be accomplished only by the action of the grantor and more than one other person not a beneficiary. Our decision in the *Smith* case was reversed on

appeal by the Circuit Court of Appeals for the First Circuit (*Smith* v. *Commissioner*, 59 Fed. (2d) 56), not on the ground of statutory construction adopted by the Board, but on the ground that among the five persons designated in the trust as having power to alter the trust, any three of whom could exercise the power given to the five, there was no group of three which did not include a "beneficiary" within the meaning of the taxing act. The construction of the phrase "any person" is not discussed in the court's opinion.

We think it clear that none of the trustees in these cases were beneficiaries and no contention is made that they were. Upon careful consideration of the arguments of the parties we are of the opinion that the construction we placed on the term "any person" in our opinion in the *Smith* case, *supra*, is sound, and we adhere to it in these proceedings.

Other arguments of petitioners are directed to the constitutionality of the statute. It is contended that the income here was not received by petitioners and any attempt to tax it to them constitutes a taking of property without due process. It is definitively decided in *Corliss* v. *Bowers*, 281 U. S. 376, that actual receipt of income is not necessary to sustain an income tax. It may be sustained on the theory of power over income rather than enjoyment of it. *Clapp* v. *Heiner*, 51 Fed. (2d) 224. The purpose of the statute here involved, as disclosed by reports of Congressional Committees, is to prevent evasion of tax by means of trusts. See *Frederick B. Wells*, 19 B. T. A. 1213; *Clapp* v. *Heiner*, *supra*; *Corliss* v. *Bowers*, 30 Fed. (2d) 135; 34 Fed. (2d) 656. To effect this end, Congress enacted that where the creator of a trust reserves the right of revesting the property in himself—acting either alone or in conjunction with anyone not a beneficiary—the income shall be considered to be his income. We see nothing unreasonable in this when its purpose is considered. "If the taxation involves reasonableness to meet the desired ends of fair play, it is valid." *Corliss* v. *Bowers*, 34 Fed. (2d) 656.

It is also argued that section 219(g) and (h) of the Revenue Acts of 1924 and 1926 can not be applied to these trusts because the statutes were enacted after the creating of the trusts. The statute deals with cases within its scope, not in terms of the date of creation of the trusts, but on the basis of whether the power of revesting existed during the taxable year. As it is the existence of this power that supports the taxation of the income to the grantor, the statute can not be said to be retroactive when applied to the power outstanding in any year. A similar argument was made in *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, as to the two trusts which were held to be subject to the estate tax. The court held that, inasmuch as the

powers of revocation were outstanding at the time of death, the statute as applied to them was not retroactive. The statute with which we are concerned is similar in that its application depends upon the existence of a power outstanding in the taxable years, and, viewing it in the light of the reasoning in the *Northern Trust Co.* case, it is not applied retroactively in the present cases.

> *Decision will be entered for the respondent in each proceeding.*