Mabel A. Ashforth, H. Adams Ashforth, Albert B. Ashforth, Jr., and George T. Ashforth, Executors, Estate of Albert B. Ashforth, Deceased, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 47190, 48009, 49354.   Promulgated October 12, 1932.

*Paul L. Peyton, Esq.,* for the petitioners.
*C. C. Holmes, Esq.,* for the respondent.

1190

SMITH: The respondent has taxed the income of the trust property to the decedent under section 219 (g) of the 1926 Act, which is as follows:

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

The petitioners contend that the terms of the trust agreement prevented the decedent from revesting in himself title to any part of the corpus of the trust at any time within the taxable year, since in order to do so he must give formal notice of such intention to the trustees prior to the beginning of the taxable year, or within the "first fifteen days in December in the calendar year next preceding such contemplated revocation." The respondent argues that this requirement of the trust agreement did not render the trust irrevocable within the taxable year.

The above provision of the statute was new in the Revenue Act of 1924, the legislative history of which indicates that the grantor's "power to revest in himself title to any part of the corpus of the trust" was limited to the existence of that power "at any time during the taxable year," and further that the limitation was a material consideration in determining the taxability of the income from the trust.

As originally written, section 219 (g) made the income taxable to the grantor where he "reserved a power of revocation which, if exercised, would revest in him title to the corpus of the trust." Committee Prints Nos. 1 and 2, H. R. 6715. The Senate rewrote this provision, except for the descriptive phrase "not a beneficiary of the trust" following the word "person," which was added by the Conference Committee on this bill. See Committee Print No. 3, Senate Amendment No. 62, and Committee Print Agreed in Conference. In the Senate Finance Committee Report No. 398, 68th

Cong., 1st sess., is the explanation of this new provision of the statute and the Senate's change in the House proposal, as follows:

(2) Paragraph (g) of this section provides that where the grantor of a trust reserves the right to change the trust in favor of himself the income is taxed to the grantor. The subdivision of the House bill has been rewritten in order that there shall not be taxed to the grantor the income of a trust as to which the grantor has a power of revocation subject, however, to a condition which has not happened.

The creation of a revocable trust constitutes nothing but an assignment of the right to receive future income. Since such an assignment does not operate to increase [sic—decrease] the taxable income of the assignor, the creation of a revocable trust should not so operate, but the income of such a trust should be included in the income of the grantor. The bill so provides.

In construing this provision of the statute, the District Court for the District of Massachusetts, in *Lewis* v. *White*, 56 Fed. (2d) 390, reviewed its legislative history and said:

These proceedings indicate that the words " at any time during the taxable year " were inserted for a definite purpose. They limited the application of the statute to those cases where the grantor had reserved in the trust agreement an unconditional power by the exercise of which during any taxable year he could control or appropriate the income derived from the trust during that year and which was payable to another. According to the section, as originally proposed, the mere reservation of the power of revocation was sufficient to render the income from the trust taxable to the grantor, and it was deemed wise to add provisions excepting from the operation of the law income of a trust as to which the grantor's power of revocation was subject to a condition that had not happened. It is this power to reach and apply the income at the grantor's option that renders it subject to the tax, regardless of whether or not he exercised the power. It was the reservation of this power, control, or " command over the property taxed " that was advanced in *Corliss* v. *Bowers*, *supra*, as adequate grounds upon which to base the constitutionality of section 219 (g).

The scope of the statute, as the Commissioner construed it, would be as wide as the scope of the section originally proposed by the House. Under such a construction it would make no difference when the power of revocation could be exercised, whether during the taxable year or prior to the taxable year; if the power of revocation is there, it is sufficient. To accept this interpretation of the act is to impart no significance whatever to the words of limitation introduced into the law by the Senate amendment.

The provision was held constitutional in *Corliss* v. *Bowers*, 281 U. S. 376, and the income of the trust involved in that case and the one in *Clapp* v. *Heiner*, 34 Fed. (2d) 506; affd., 51 Fed. (2d) 224, taxed to the grantors because the revocation in each case was capable of consummation during the taxable year. Those cases are thus distinguishable from the instant proceedings, in which the power of revocation was conditioned upon notification in the preceding taxable year. In *Lewis* v. *White*, *supra*, the trust instrument could be revoked on or after January 1 in any year " only upon condition that

and provided the Trustor shall in the preceding calendar year have notified in writing the trustees of his intention so to revoke, alter and/or amend this instrument." The court there held that the grantor could not during the taxable year " by any amendment or revocation, revest in himself title to any part of the corpus of the trust " and the income thereof was not taxable to him.

The petitioners' contention is sustained. The income of the trust here involved should not be taxed to the grantor, who, although reserving the power of revocation, subjected that power to a condition, to wit, notification to the trustees " during the first 15 days of December in the calendar year next preceding such contemplated revocation," which has not happened. After the beginning of each of the taxable years under consideration, the decedent having failed to notify the trustees of an intention to revoke or change the trust within either taxable year, the income was not subject to his " unfettered command " and he was not free to enjoy it during the taxable year. This holding is consistent with the decisions in *Corliss* v. *Bowers, supra; Clapp* v. *Heiner, supra;* and fully supported by *Lewis* v. *White, supra. Elida B. Langley,* 24 B. T. A. 1156, holds to the contrary, although the facts are not distinguishable. That case erroneously disregarded the condition of notice, which if not given we believe is the " condition which has not happened " and the kind that makes the income not taxable to the grantor. That case is therefore overruled.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*