IOLA WISE STETSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41743. Promulgated November 29, 1932.

*George S. Jones, Esq., Fred L. Van Dolsen, Esq.,* and *Scott Russell, Esq.,* for the petitioner.
*S. B. Anderson, Esq.,* for the respondent.

#### OPINION.

SEAWELL: A report in this proceeding was promulgated on June 13, 1932, (26 B. T. A. 390) and a decision therein, in conformity with the principles and reasoning enunciated in the case of *Emma Louise*

*Smith,* 23 B. T. A. 631, was on June 14, 1932, entered in favor of the respondent.

On June 30, 1932, the petitioner filed a motion that the findings of fact and opinion promulgated as stated be reviewed by the entire Board for reasons set forth in the motion, which motion was on July 1, 1932, denied.

On May 31, 1932, the Circuit Court of Appeals for the First Circuit (59 Fed. (2d) 56) reversed the decision of the Board in the *Smith* case, *supra.* Based on this decision of the Circuit Court of Appeals, which was not available to us prior to the promulgation of our report, the petitioner in due season filed a motion with the Board to reconsider our report, which motion was heard September 29, 1932.

In rendering its opinion reversing the *Smith* case, *supra,* the Circuit Court of Appeals said:

It would seem that Congress did not intend, by the use of the term "beneficiary" in Section 219 (g) only a beneficiary having a present vested interest, but intended to include within that term a beneficiary or beneficiaries having contingent interests as well as those having present or vested ones.

Undoubtedly Congress could have drawn a line between beneficiaries holding vested and contingent interests, or between those having contingent interests based on their respective degrees of remoteness, but it has done neither of these things. It is, therefore, far more reasonable to conclude that by the word "beneficiary" Congress intended to include persons or classes of persons designated, in the particular trust under consideration, entitled to take present or contingent interests thereunder.

In the *Smith* case, *supra,* the Board took the view that the word "beneficiary" in section 219 (g) of the Revenue Acts of 1924 and 1926 has reference "to a present beneficiary of a trust, not to one who has only a remote possibility of becoming a beneficiary in the future," and because the likelihood of her husband ever taking a vested interest under the trust was remote, he was not a beneficiary in the sense of the statute.

We have fully and carefully considered the motion of the petitioner made herein and argument thereon, and the decision of the Circuit Court of Appeals in the *Smith* case, as well as our own report in the case of *Joseph H. Bromley,* 26 B. T. A. 878, in which reference is made to the *Smith* case, and conclude that the word "beneficiary," within the meaning of section 219 (g) of the Revenue Acts of 1924 and 1926, includes one having either a present vested interest or a contingent interest under a trust of the character here involved. Cf. *Reinecke* v. *Smith,* 61 Fed. (2d) 324. We are of the opinion, therefore, and so hold, that the petitioner's husband, under the trust made by her, is a contingent beneficiary within the meaning of said section 219 (g), and hence said trust is, in the sense of the law, irrevocable and the income here in

question from such trust is taxable equally to petitioner and her four stepchildren. The motion of the petitioner herein is accordingly granted, our decision heretofore entered vacated and set aside, and our promulgated determination overruled.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK, concurring: I agree with the results reached in this case and in the case of *Bessie R. Jones*, promulgated this day. But I want to deny a possible inference from these cases that I was ever of the opinion that a beneficiary had to have a present vested interest as opposed to a contingent interest in order to be the kind of a beneficiary meant by section 219 (g). Furthermore, this question was not decided in *Emma Louise Smith*, 23 B. T. A. 631.

Eugene W. Stetson is a beneficiary under the trust instrument, inasmuch as it provides that in case his wife predeceases him " he may cancel and terminate this agreement by an instrument, in writing, duly executed and acknowledged, and filed with the Trustee or Trustees then acting, and upon such termination and cancellation, the said husband shall be entitled to receive the corpus of the trust fund and any undistributed income, to hold and dispose of absolutely for his own use." This provision is somewhat contradictory, but nevertheless it gave the husband the corpus and undistributed income of the trust fund under certain contingencies. The case of *Emma Louise Smith* v. *Commissioner*, 59 Fed. (2d) 56, is in point. The court there took the view that Emelius W. Smith, the husband, was a beneficiary under the trust instrument because the statute of distribution of Massachusetts was made use of in the trust instrument to define a class of persons of which the husband would be one upon the happening of a contingency named in the trust instrument. This case reverses the Division decision of the Board mentioned above, but it does not indicate a disagreement between the court and the Board on the question of whether or not the word " beneficiary " in section 219 (g) ·includes one having only a contingent interest. The Division decision in the *Smith* case held that Emelius was not a beneficiary at all under the trust instrument, but would take, if ever, by virtue of the statute of distribution of Massachusetts. The opinion did not distinguish between beneficiaries having a vested interest and those having a contingent interest, but distinguished between those who were presently beneficiaries and those who were presently not beneficiaries at all. The original Division decision in the present case was based upon a sentence from the opinion in the *Smith* case, which, no doubt, was somewhat misleading when taken from its context. In any event, it was given an application in the

original decision in this case which its use in the *Smith* case did not justify. The *Bromley* case is on another point entirely.

STERNHAGEN, LOVE, and GOODRICH agree with this concurring opinion.