*1091 OPINION.
Van Fossan:
The issue to be determined is whether or not the payments made by the trustees of John M. Longyear, deceased, to the petitioner’s divorced wife and to the guardians and trustees of the two minor children named in the findings of fact are taxable as income of the petitioner.
It is not contended that petitioner’s wife or children acquired any property right or any right to income under the will of Longyear, senior. It is clear that the wife did not. The sums paid to her and to the trustees for the children were paid pursuant to the agreement of December 29,1925, and the court decree directing settlement of the pending suit in accordance with that agreement. There had been two previous agreements between petitioner and Elizabeth B. Long-year — the Mexican and Nevada agreements — but these were superseded by that entered into in Michigan and approved by the court in that state, which court we take it, in view of that being the place of probate of the will, properly had jurisdiction in the matter.
In our opinion the agreement to pay Elizabeth B. Longyear certain sums was merely an assignment of income which in the first instance was income to petitioner and taxable to him, as in Ormsby McKnight Mitchel, 1 B.T.A. 143; affd., 15 Fed. (2d) 287; Marion Stone Burt Lansill, 17 B.T.A. 413; affd., 58 Fed. (2d) 512; Lucas v. Earl, 281 U.S. 111; Burnet v. Leininger, 285 U.S. 136. Petitioner did not divest himself of his property right in any part of the corpus of his father’s estate through the creation of a trust fund or otherwise. He agreed merely that a portion of his share of the estate “ shall stand as security for the said note ” that he executed. The situation here is very much like that in Frank P. Welch, 12 B.T.A. 800, where the taxpayer entered into a separation agreement with his wife, agreeing to pay her a specified sum annually and in order *1092 that the payments “ shall be secured ” he deposited certain securities with a bank. We said:
The situation is to be distinguished from one where a trust fund is set up for the benefit of the wife and the husband has no interest in the income from the fund. The agreement which we are here considering was no more than one for maintenance and support, with collateral deposited as security for the payment. We are accordingly of the opinion that the interest received from the bonds held under the agreement between petitioner and his wife and the bank constitutes income to the petitioner.
Nor can any of tbe payments made to petitioner’s former wife be deducted from bis gross income as interest on indebtedness. While, as heretofore stated, the Michigan agreement superseded the earlier ones, they are referred to therein and show clearly that the payments were intended by the parties to be in lieu of alimony. Alimony is not founded in contract as is an ordinary debt, but grows out of an obligation imposed on the husband. It is an award to the wife in the enforcement of a marital duty. For this reason it was held in Turner v. Turner, 108 Fed. 785, that proceedings to collect alimony could not be enjoined by a bankruptcy court. See also Lynde v. Lynde, 52 Atl. 694; Noyes v. Hubbard, 23 Atl. 727. The interest payments in question are payable as a part of the agreement made in lieu of an alimony award and, therefore, are not deductible as interest on an indebtedness.
The distributive shares of the children are in a different category. They arose under trusts created by petitioner whereby he irrevocably alienated in each case a one-eighth part of all his right, title, and interest in and to his “ family share ” of the estate, with provisions that the portion so assigned to the trustees should go to the children upon termination of the trusts and with further provisions for cross-remainders in the event of the death of either child. By the assignment in trust petitioner divested himself of all interest in the portion assigned, had no control over, and could not repossess either the corpus or income. Under these conditions, whether the payments made to the trustees for the children were out of corpus or income of the decedent’s estate, they were not taxable to petitioner. O'Malley-Keyes v. Eaton, 24 Fed. (2d) 436; Young v. Gnichtel, 28 Fed. (2d) 789; S. A. Lynch, 23 B.T.A. 435.
Reviewed by the Board.

Decision will be entered under Rule 50.