FRANCIS J. STOKES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64193, 67209. Promulgated August 23, 1933.

*Henry Gross, Esq.*, for the petitioner.
*Francis S. Gettle, Esq.*, for the respondent.

OPINION.

ARUNDELL: The deficiencies determined in these proceedings, $5,373.71 for 1929 and $1,775.31 for 1930, arise out of respondent's inclusion of certain trust income in the income of petitioner. The respondent's theory is that petitioner retained a practical control over the trust created by him so that the income is taxable to him under section 166 or 167 of the Revenue Act of 1928.

From the stipulated facts, which are incorporated herein by reference, it appears that by an instrument of trust dated January 11, 1928, petitioner transferred certain securities to the Germantown Trust Co. as trustee. The trust instrument directed the trustee to use income from the securities in trust for the maintenance, support, and education of petitioner's five children during their respective minorities. Upon the attainment of majority or the death of any child a proportionate part of the trust corpus was to go to petitioner's wife, Lelia W. Stokes, or if she was not then living, to petitioner. The trust instrument contained the following provisions:

THIRD: I direct that LELIA W. STOKES, during the continuation of this trust, may at any time by a written request to the Trustee, receive such securities or sums of money under said trust as she may desire.

Should, however, the said LELIA W. STOKES, die prior to the termination of this trust, then I reserve to myself the right to draw upon the principal of said trust as herein conferred upon her.

The trust was in full force and effect during the taxable years. No securities had been delivered and no money paid over to Lelia W. Stokes nor had she made any request therefor under the provisions of the trust instrument above quoted. At the end of the year 1930 none of petitioner's five children named in the trust instrument had attained majority.

For the year 1929 the trust had a net taxable income of $47,433.32, of which $21,700.61 constituted profit on sale of securities and $25,732.71 was ordinary net income. For that year the trustee filed an income tax return showing $21,700.61 profit on sale of securities and paid the income tax thereon. The trust also filed a fiduciary return for 1929 showing therein the ordinary net income of $25,732.71 as having been distributed to petitioner's five children in the proportion of one fifth to each. Income tax returns were filed on behalf of the beneficiaries, showing distribution to them as reported by the trustee.

For the year 1930 the trustee filed a fiduciary return showing ordinary net income of the trust in the amount of $20,445.81, all of which was stated to be distributed among petitioner's five children. Income tax returns were filed on behalf of the beneficiaries showing the distribution to them of the amounts as shown by the fiduciary return. The petitioner filed income tax returns and included therein no part of the income of the trust for either year.

In *Sydney R. Bliss*, 26 B.T.A. 962, there were involved trusts in all respects like that in these proceedings. Counsel for respondent contends that there is a distinction in that in the *Bliss* case all the income was accumulated and held by the trustees for future distribution, whereas here the income was to be distributed currently and the ordinary net income was so distributed. The statute, however, does not make this the test in those situations where trust income is taxable to the grantor. It is where the grantor has a power of revocation (section 166), or where the income may be distributed to or accumulated for future distribution to him or used to pay for insurance on his life (section 167), that the income is taxable to the grantor.

In the cases before us the grantor of the trusts had no power of revocation as specified in section 166. The fact that he might at some future time, namely, upon the death of his wife, have a power amounting to that of revocation does not confer such power on him during the taxable year. Nor could the income be used for his benefit in any of the ways described in section 167. Consequently the trust income was taxable to the trustee under section 161 (b) and not to the petitioner. *Sydney R. Bliss, supra.*

*Decision will be entered under Rule 50.*

*Henry Gross*, Esq., for the petitioner.
*Francis Gettle*, Esq., for the respondent.