## EDMUND O. SCHWEITZER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52884, 61903. Promulgated March 20, 1934.

*Hugh W. McCulloch, Esq.,* for the petitioner.

*James R. Johnston, Esq.,* and *Paul D. Page, Jr., Esq.,* for the respondent.

### OPINION.

SMITH: These proceedings involve deficiencies in petitioner's income taxes for the calendar years 1928 and 1929 in the amounts of $4,487.27 and $4,098.73, respectively. The only question for our determination is whether the petitioner is taxable upon the income from certain trusts created by him in 1925 and 1926, which income, under the trust agreements, was payable to him to be used solely for the support, maintenance, and education of his three minor children. The petitioner reserved the power to revoke the trusts with the consent of his wife, who was a contingent beneficiary. The proceedings were consolidated for hearing. The material facts have been stipulated and are, so far as material to the consideration of the question before us, as follows:

On March 23, 1925, the petitioner entered into a trust agreement with the Illinois Merchants Trust Co., as trustee, under the terms of which he transferred to the Trust Co. $30,000 to be divided in three equal parts and the income therefrom paid to the petitioner " for the support, maintenance and education " of his three children, Emily Louise Schweitzer, Edmund O. Schweitzer, Jr., and Evelyn Josephine Schweitzer, "and for no other purpose whatsoever " until said children shall reach the age of 21 years, respectively.

Thereafter, the trust income is to be paid to the children until they shall reach the age of 35 years, respectively, when each child shall receive the corpus and any accumulated income of the part to which he or she may be entitled. There are provisions in the trust agreement, not here material, for the disposal of the income and corpus of the trust property in the event of the death of the petitioner or his children, and a further provision that both the income and corpus of each part of the trust property is to go to the surviving child or children and their lawful issue, and that:

SEVENTH: In the event of the death of any one of said children of said party of the first part prior to attaining the age of thirty-five (35) years, leaving no lawful issue him or her surviving, nor any child nor lawful issue of any child of said party of the first part then surviving, said Trustee shall pay over, convey and deliver the share of the principal or corpus of said trust estate to which the one so dying would have been entitled had he or she lived, to Lillian Schweitzer, wife of said party of the first part, if she shall be living at that time, and if not then to the heirs at law of the child so dying in accordance with the Statutes of Descent of the State of Illinois then in force.

In clause tenth of the agreement it is provided that:

It is expressly understood and agreed that said party of the first part, by and with the consent of said Lillian Schweitzer, may at any time during his lifetime by a further or supplemental instrument in writing signed by said party of the first part and said Lillian Schweitzer, alter, change or amend this trust instrument and the terms of the trust hereby created, and wholly revoke the covenants and provisions hereof, and may recall, receive and recover to himself all the trust estate and property fully released from the trusts hereby created * * *.

The dates of birth of the petitioner's wife and each of the above named children were as follows:

Lillian Schweitzer_____October 23, 1875
Emily Louise Schweitzer_____October 27, 1911
Edmund O. Schweitzer, Jr_____March 31, 1914
Evelyn Josephine Schweitzer_____May 19, 1917

On November 23, 1926, the petitioner executed a second trust agreement similar in all material respects to the above described agreement of March 23, 1925, whereby he conveyed $50,000 to the same trustee to be held for like purposes and uses.

The respondent has determined that the petitioner is taxable upon the income of the trusts for each of the years 1928 and 1929 for reason that the trusts were revocable under the provisions of section 166 of the Revenue Act of 1928. The section referred to and section 167 read as follows:

SEC. 166. REVOCABLE TRUSTS.

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust,

then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

### SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called "charitable contribution" deduction), such part of the income of the trust shall be included in computing the net income of the grantor.

The petitioner contends that since the power of revocation which, as grantor, he reserved to himself could be exercised only in conjunction with his wife, who, being entitled to a contingent remainder interest in the trust property, was a beneficiary of the trusts, he did not have the power at any time during the taxable years to revest in himself, either alone or in conjunction with another not a beneficiary of the trusts, title to any of the trust property, and that he is therefore not taxable upon the income of the trusts, under the provisions of section 166 above. The petitioner cites *Smith* v. *Commissioner*, 59 Fed. (2d) 56, reversing *Emma Louise Smith*, 23 B.T.A. 631; *Bessie R. Jones*, 27 B.T.A. 171; and *Iola Wise Stetson*, 27 B.T.A. 173. In *Smith* v. *Commissioner*, *supra*, the Circuit Court of Appeals for the First Circuit held that the grantor of certain trusts was not taxable upon the income thereof where, under section 219 (g) of the Revenue Acts of 1924 and 1926, corresponding to section 166 above of the 1928 Act, she had created the trusts for the benefit of her children, reserving the power to revoke with the consent of her husband, who was a contingent beneficiary in that the trust property was distributable to him should he survive the children and the survivors of them. The court held that the husband was a beneficiary within the meaning of the statute and that the trusts therefore were not revocable by the grantor, either alone or in conjunction with one not a beneficiary.

The instant case is not distinguishable on the facts from the *Smith* case. That case was followed by the Board in the *Jones* and *Stetson* cases, *supra*. We are of the opinion that those cases are controlling here.

The respondent makes the further contention that, since the income of the trusts here was payable to and was paid to the petitioner during the taxable years, it is taxable to him under the provisions of section 22 of the Revenue Act of 1928 as ordinary gross income. That section requires the inclusion in gross income of all "gains or profits and income derived from any source whatever." From the stipulated facts it appears that the income of the trust funds for

**158**

the year 1928 was $16,856.95 and for the year 1929, $16,170.81; that these amounts were received by the petitioner from the trustees in the years 1928 and 1929; and that the amounts were disbursed in the two years for the support, maintenance, and education of his three children. In his income tax returns for 1928 and 1929 the petitioner did not report the receipt of income from the trust funds, although he did claim personal exemption for three dependents under 18 years of age. Individual income tax returns were filed for each of the three children for the calendar years 1928 and 1929 and there was included in those returns the income disbursed in those years for their respective support, maintenance, and education under the provisions of the trust agreements dated March 23, 1925, and November 23, 1926.

In support of his contention that the petitioner is liable to income tax in respect of the amounts of money received from the trust funds, the respondent relies upon *Burnet* v. *Wells*, 289 U.S. 670. The question before the Supreme Court in that case was whether the grantor of a trust was liable to income tax in respect of the income of trusts created by him, a portion of which income was to be applied to the payment of premiums upon life insurance policies upon his own life, the beneficiaries being dependents of the grantor or others having a claim upon his bounty. In the course of its opinion the Supreme Court stated:

\* \* \* Income permanently applied by the act of the taxpayer to the maintenance of contracts of insurance made in his name for the support of his dependents is income used for his benefit in such a sense and to such a degree that there is nothing arbitrary or tyrannical in taxing it as his.

It is true that in that case the Court was concerned only with the construction of section 219 (h) of the Revenue Acts of 1924 and 1926, which provided that:

\* \* \* where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor \* \* \* such part of the income of the trust shall be included in computing the net income of the grantor.

We are of the opinion, however, that the reasoning of the Supreme Court in that case is equally applicable in the proceedings at bar and that income from trust funds created by a father for the support of his minor children whom he is bound to support, which income is received by the father and applied for the support of his minor children, is taxable to him. The contention of the respondent upon this point is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MARQUETTE and VAN FOSSAN dissent.

GOODRICH, dissenting: Suppose this trust had been created by someone other than petitioner—for example by the grandfather of the children who are its beneficiaries. Clearly, under those circumstances, it could not be argued that the income of the trust in anywise belonged to petitioner, even though he was relieved of the pecuniary burden of maintaining them, because the trust income provided their support. Such a trust doubtless would be a happy one for petitioner and would bestow on him a benefit—but not the sort of a benefit which can be put into his income and taxed. The payments under the trust to his children might spare him from spending, but they would not add to his income.

Petitioner's situation is not changed merely because he himself created the trust. He has taken a part of his capital, set it aside beyond his reach, and provided that both it and its earnings should belong to others. Thereafter neither the capital nor the earnings could be his. How, then, can he be taxed on those earnings? The majority opinion indicates that the trust earnings are regarded as income to petitioner because they were received by those whom he was legally bound to maintain. But he did not escape his obligation by the creation of the trust, and I am not convinced that the fact that he has obtained relief from the immediate demands of that obligation makes income to him of the amounts received by the children. He transferred from himself ownership of the corpus from which the income arises; consequently, the income belongs to the new owners of the property. See *William Ernest Seatree*, 25 B.T.A. 396, on appeal, C.A.D.C.; *Elizabeth D. Smith et al., Executors*, 25 B.T.A. 291. I see no defect in the arrangement petitioner has made—and whether he made it to reduce his own income and so avoid taxes, or to insure the welfare of his children against the threat of his personal adversity, is immaterial—and I disagree with the result reached by the majority.

This case is not controlled by either the result or the reasoning in the *Wells* case. As pointed out, that case was confined under a specific statutory provision respecting a trust whose income is applied to the payment of premiums of insurance upon the life of the grantor, and certainly the Court made it plain that it was not attempting to deal with trusts of any other kind. Consequently, to decide the case at bar by the result in the *Wells* case is to do what the Supreme Court refused to do.

TRAMMELL and McMAHON agree with this dissent.