## FRANKLIN MILLER HANDLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 66810, 67671, 74406. Promulgated July 24, 1934.

*J. Harry Price, Esq.*, and *W. T. Kennerly, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

---

1272

OPINION.

STERNHAGEN: The respondent has treated the trust income as taxable to the settlor under Revenue Act of 1928, section 167.[1] It is, however, hard to see this without confusing the mother and the children. She was not a beneficiary of the trust during any of the years before us, nor, during those years, could any part of the trust income be legally distributed to her individually, nor could it be held or accumulated for future distribution to her. It could only be and was only distributed to Oscar Handly for the named beneficiaries. The fact that they were minors under guardianship is consistent with their being separate individual taxpayers, *Commissioner* v. *Van Wart*, 69 Fed. (2d) 299.

While, as respondent says, the settlor, being the mother of the beneficiaries, is with the father a joint natural guardian and jointly

---

[1] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called " charitable contribution " deduction), such part of the income of the trust shall be included in computing the net income of the grantor.

charged with their care and education (Tennessee Laws of 1923, ch. 41), it is at least doubtful whether her obligation imposes on her a burden as prompt or as absolute as on the father, *Owen* v. *Watson*, 157 Tenn. 352; 8 S.W. (2d) 484, and hence whether, short of necessity, the trust operated to relieve her of any natural onus. We think this falls far short of being a substantial economic benefit to her, comparable with that in *Burnet* v. *Wells*, 289 U.S. 670; cf. *Edmund O. Schweitzer*, 30 B.T.A. 155. Whatever power Congress may have, as supported by that decision, to tax such income to the settlor, the language of section 167 does not purport to exercise it.

It is also plain that the settlor had not, during the taxable years in question, the power to revest in herself any part of the corpus, and hence, that section 166 [2] is not applicable. *Langley* v. *Commissioner*, 61 Fed. (2d) 796.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SEAWELL, ADAMS, and TURNER dissent.

MURDOCK, concurring: I fully approve of the above opinion except for the reference to the case of *Edmund O. Schweitzer*, 30 B.T.A. 155. The present case and dissenting opinion in the *Schweitzer* case demonstrate that the latter case was incorrectly decided. The reasoning in the *Schweitzer* case was contrary to the Commissioner's rulings and regulations (C.B. 3, p. 116, S.O. 14), and to prior decisions of the Board. *Irene O'D. Ferrer*, 20 B.T.A. 811; *S. A. Lynch*, 23 B.T.A. 435; *Lilian K. Blake*, 23 B.T.A. 554; *John H. Stevens*, 24 B.T.A. 52; *Francis J. Stokes*, 28 B.T.A. 1243. Cf. *Frank P. Welch*, 12 B.T.A. 800; *Sidney R. Bliss*, 26 B.T.A. 962; *Edson* v. *Lucas*, 40 Fed. (2d) 398. Where the statute provides that the income of a trust is taxable to the " beneficiaries " the word was intended to have the meaning which it always has in the law of trusts. It does not include one only indirectly benefited from income distributed for the benefit of those named in the trust instrument. The latter are the " beneficiaries." Cf. concurring opinion *Iola Wise Stetson*, 27 B.T.A. 173. The only exceptions to this rule are by specific legislative provisions. *Burnet* v. *Wells*, 289 U.S. 670; *Langley* v. *Commissioner*, 61 Fed. (2d) 796; *Mabel A. Ashforth et al., Executors*, 26 B.T.A. 1188. I think the *Schweitzer* case should be overruled.

LEECH agrees with this concurring opinion.

[2] SEC. 166. REVOCABLE TRUSTS.

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.