*1276 OPINION.
Sternhagen :
1. In Franklin Miller Handly, 30 B.T.A. 1271, just decided, it was held that the settlor of a trust essentially similar to this petitioner’s trust was not required to treat the trust income as his own. In this case, since the beneficiary child ivas an adult, there is no guardianship relation and no question as to the father’s *1277 freedom from duty to educate. The respondent’s determination as to trust income is reversed.
2. The respondent has included in petitioners’ income for 1929 the income of the estate of which he was administrator and sole successor to the personalty. This is because respondent thinks that petitioner unduly prolonged the administration of the estate instead of winding it up promptly and receiving in his own right the income. His alleged freedom thus to receive is treated as a sort of constructive receipt.
We cannot find enough support for this view to adopt it. There may be cases imaginable where the failure to close the estate is so unnecessary as to be merely capricious and the estate a mere form— a subterfuge for spreading taxes out thinner. But there is enough reason here for carrying on the estate through 1929 to compel recognition of it as a separate taxpayer under the statute. Cf. Kuldell v. Commissioner, 69 Fed. (2d) 739. There were substantial debts and a reasonable possibility of others outside the State — enough -to constrain a conservative administrator from a hasty distribution. Cf. American Surety Co. v. Grace, 151 Tenn. 577. The law is full of litigation brought about by an unexpected turn of events, and we should be slow to say that the delay through 1929 was specious and to disregard the date of the final accounting, the official discharge, and the adherence to the statutory system of the State, Shannon’s Tennessee Code, secs. 4007, 4008, 4012, 4064.
The respondent’s determination is reversed.

Judgment will be entered under Rule 50.