THEODORE P. GROSVENOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60381. Promulgated November 12, 1934.

*E. Sheldon Stewart, Esq.*, for the petitioner.
*Frank Thompson, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $4,455.44 in the petitioner's income tax for 1929. The facts have been stipulated or admitted. The petitioner assigns as error the action of the Commissioner in adding to income as reported the income of two trusts created for the benefit of two minor daughters. Each trust was to terminate when the child named as beneficiary became 21 years of age or at her death if she died a minor. The property was then to go to the petitioner or his estate. During the continuation of each trust the income was to be paid to the petitioner's wife and was " to be expended by her for the support, maintenance, and education " of one of the minor daughters. The Commissioner argues that " in effect they [the trusts] accomplish nothing more than a setting aside of future income to take care of ' personal, living, or family expenses ' without a complete and unqualified transfer of the property producing that income "; the petitioner was the real beneficiary; and the income of the trusts is taxable to him either under section 162 (b) or under section 167 of the Revenue Act of 1928. He has

cited no case in point. See, however, *Edmund O. Schweitzer*, 30 B. T. A. 155.

Personal, living, or family expenses are not deductible. Section 24 (a) (1). However, the petitioner is not claiming a deduction. The question is whether or not the income of these trusts is taxable as a part of his income under the Revenue Act of 1928. These trusts were valid trusts. The income of trusts is taxable to the trustees except as provided in sections 166 and 167. See section 161 (b). The Commissioner does not contend that section 166 applies. Cf. *Mabel A. Ashforth et al., Executors*, 26 B. T. A. 1188; *Langley* v. *Commissioner*, 61 Fed. (2d) 796. No part of the income of these trusts for 1929 could have been distributed to the grantor, accumulated for future distribution to him, or applied to the payment of insurance premiums. Thus section 167 does not apply. *Francis J. Stokes*, 28 B. T. A. 1243. Section 162 (b) allows the trustees a deduction of the amount currently distributable to the " beneficiaries " and requires that a like amount be included in computing the net income of the beneficiaries." There is no reason to believe that this term was intended to have a broader meaning than it ordinarily has in the law of trusts. This petitioner was not a beneficiary of these trusts within the ordinary and usual meaning of that word as used in relation to trusts. Supplement E of the act relating to estates and trusts contains specific provisions taxing the income of certain trusts to the grantor. The fact, conceded by the respondent, that it contains no specific provision to cover a case like this is significant. The Commissioner should address his argument to Congress, for it may well be that Congress could have taxed this income to this petitioner had it chosen to insert language appropriate for that purpose in the act. Cf. *Langley* v. *Commissioner, supra; Burnet* v. *Wells*, 289 U. S. 670.

The only difference between this case and the recent case of *Edmund O. Schweitzer, supra*, is that there the income was payable to the husband, while here it is payable to the wife. This difference seems immaterial. The *Schweitzer* case is contrary to the earlier case of *Francis J. Stokes, supra*, and to the reasoning of other cases wherein the income of trusts created by a parent for the support, maintenance, and education of his or her children was held not taxable to the grantor. *Irene O'D. Ferrer*, 20 B. T. A. 811; *S. A. Lynch*, 23 B. T. A. 435; *Lilian K. Blake*, 23 B. T. A. 554; *John H. Stevens*, 24 B. T. A. 52. Cf. C. B. III, p. 116; *Frank P. Welch*, 12 B. T. A. 800; *Sidney R. Bliss*, 26 B. T. A. 962; *Edson* v. *Lucas*, 40 Fed. (2d) 398; *William Ernest Seatree*, 25 B. T. A. 396; affd., 72 Fed. (2d) 67. See also the recent case of *Franklin Miller Handly*, 30 B. T. A. 1271. The *Schweitzer* case will not be followed in the future. The case of *Willcuts* v. *Douglas*, 73 Fed. (2d) 130, may

be distinguishable, but if it is not, then we must respectfully disagree with the court which decided that case. There the court apparently failed to appreciate the fact that in the *Wells* case there was specific statutory authority for including in the income of the grantor the amounts applicable to the payment of the insurance premiums.

The Commissioner amended his answer to claim an increased deficiency because of his alleged error in failing to include, in computing the net income of this petitioner, the income of a third trust created for the benefit of the petitioner's wife. The petitioner had created a trust for the benefit of his wife in 1927. A trust company was named trustee. The trustee was to hold, manage, invest, and reinvest the corpus and pay the net income to the wife for life. The grantor retained no control over the trust property except the right during his life, after notice of 13 months, to revoke or amend the trust deed. He gave no such notice which would affect the taxable year here involved. Clearly the income of that trust is not taxable to the petitioner under either provision of the act relied upon by the respondent.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

ARUNDELL concurs in the result.

———

SMITH, dissenting: The respondent has held that the petitioner was the real beneficiary of the trusts which he created. I think that he was. The income of the trusts was used to discharge, in part at least, the petitioner's obligation to support his minor daughters. I can not subscribe to a view that a taxpayer may escape income tax liability in respect of income from his property by creating a trust and having the income of the trust paid to his wife to be used by her for the support, maintenance, and education of his minor children. I do not think that by this device the petitioner successfully avoided liability for income tax. Cf. *Bromley* v. *Commissioner*, 66 Fed. (2d) 552, affirming 26 B. T. A. 878; and *Reinecke* v. *Smith*, 289 U. S. 172.

But even if the result reached by the Board in this case is correct, I can see no occasion for overruling *Edmund O. Schweitzer*, 30 B. T. A. 155, now pending on appeal before the Circuit Court of Appeals for the Seventh Circuit. That case is distinguishable from the present case upon its facts. Schweitzer created certain trusts, the income of which was made payable to himself for the support, maintenance, and education of his three minor children and " for no other purpose whatsoever." From such source Schweitzer received $16,856.95 in 1928 and $16,170.81 in 1929. The Board held properly, I think, that Schweitzer was liable for income tax upon

the income thus received. If not, the door for the "facile evasion" of income tax is wide open. Cf. *Reinecke* v. *Smith, supra.* There are other facts also which differentiate the *Schweitzer* case from the present one. Schweitzer provided that the trusts could be revoked at any time by the grantor with the consent of the grantor's wife, who was, at most, a contingent beneficiary. In his income tax returns he claimed personal exemption for the three minor children.

VAN FOSSAN, SEAWELL, and ADAMS agree with this dissent.